## Hodder *v.* George Hogg Company, Appellant.

*Corporations—Stockholders—Inspection of books—Mandamus.*

1. A stockholder of a corporation has the right to inspect the books of the company at a proper time and in a proper way, even though his only object be to ascertain whether the business has been properly conducted; and the fact that he is interested in a competing company is not a good and sufficient reason for refusing him.

2. A petition for mandamus to secure an inspection of the books of a corporation will be granted where the petitioner avers that during his former official connection with the company, he had knowledge of instances where funds had been improperly applied; that while large profits had been made the statements of the company did not show it; that the salaries of the officers had been irregularly and improperly increased; that the company had earned large sums of money in which dividends should have been declared; that as a stockholder he desired to inspect the books in order to be advised as to the management; and that he might be enabled to file a bill in equity if the result of his examination would justify him in so doing.

Argued Oct. 27, 1908. Appeal, No. 184, Oct. T., 1908, by defendant, from order of C. P. No. 2, Allegheny Co., April T., 1908, No. 817, granting petition for mandamus in case of William Titus Hodder v. George Hogg Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for mandamus. Before FRAZER, P. J.
The opinion of the Supreme Court states the facts.

*Error assigned* was order granting mandamus.

*W. B. Rodgers,* with him *Joseph F. Mayhugh,* for appellant.—A stockholder in a private corporation before he obtains a mandamus to enable him to inspect the books and papers of the corporation must show that he desires such inspection for some just and useful object. It will not be granted to gratify curiosity or for speculative purposes or if not asked for in good faith, and there must be a particular matter in dispute involving and seriously affecting the rights of the relator as a stock-

holder: Phœnix Iron Company v. Commonwealth, 113 Pa.
563 ; Kuhbach v. Irving Cut Glass Co., 220 Pa. 427.

*Robert M. Ewing,* with him *Edwin H. Stowe,* for appellee.—
A stockholder has the right to inspect the company's books:
Weimer on Corporations, 119 ; Commonwealth v. Phœnix Iron
Co., 105 Pa. 111 ; Phœnix Iron Co. v. Commonwealth, 113 Pa.
563 ; Neubert v. Armstrong Water Co., 211 Pa. 582.

OPINION BY MR. JUSTICE POTTER, January 4, 1909 :
William Titus Hodder is the owner of forty shares of the
capital stock of the George Hogg Company.   Alleging mis-
management of the corporation and improper use of its funds,
and the denial by the officers of the company of his right to
examine the books, he filed a petition for a writ of alternative
mandamus against the company and its officers, to compel the
defendant to give the petitioner, or his representative, access
to the books of the corporation.   Respondents filed an answer,
and made return to the petition, and upon demurrer thereto
the court below awarded a writ of mandamus.   The defendant
company has appealed.   It does not deny that mandamus is
the appropriate remedy to enforce the rights of a stockholder
to inspect the books and records of a corporation.   It ques-
tions only the sufficiency of the data furnished in this case, to
support the application.

Turning to the petition we find that it is there averred that
during the petitioner's former official connection with the de-
fendant company, he had knowledge of instances where funds
were improperly applied by the officers of the company, and
in view of this knowledge he had frequently, after the close of
the year 1906, made requests for a statement of the condition
of the business, but none was furnished him until January, 1908,
when statements were given to him that were vague, indefinite
and misleading.   Petitioner also avers that while large profits
were made, the statements did not show it ; that the salaries of
the officers were irregularly and improperly increased ; that he
believes the company has earned large sums of money from
which dividends should have been declared ; that as a stock-
holder he desired to inspect the books of the company in order
to be advised as to the management of the business, and the

truth or falsity of the matters above referred to; and that he might be enabled to file a bill in equity to restrain the officers from mismanagement, in case the result of his examination should justify him in so doing. That for these purposes he had both personally and through his counsel, requested the officers of the company to permit him to examine the books of the company, and his request had been denied. In the answer filed by respondent the charges of mismanagement were denied, and it was averred that petitioner was not acting in good faith, and that he was interested in a rival concern, and that his purpose was to force a purchase of his stock at an unreasonable price. The answer further averred that petitioner already had knowledge of part of the facts which he sought to ascertain, and that certain books of account of the company had been offered to his counsel for examination. It was admitted that the company had refused to allow the books to be examined by an auditor selected by petitioner, and had also refused to permit an examination as asked for, to ascertain what sums of money had been paid to the corporation since its organization, and how they had been expended. From these charges and countercharges it is very apparent that a substantial dispute exists, as to the management of the company. Relator as a stockholder has without question the right to inspect the books of the company, at a proper time, and in a proper way, even though his only object be to ascertain whether the business has been properly conducted. Such a right is necessary for the protection of stockholders. The relator seeks at the present time merely for information. It may be that as a result of his examination of the books and of the records his suspicions will be shown to be groundless. As the trial judge said, this case does not differ substantially from many others which have been before the courts, and in which the writ of mandamus has been granted. The allegations of the petition are well within the limits laid down as requisite by the authorities. In fact they are directly within the ruling of this court, in the late case of Kuhbach v. Irving Cut Glass Co., 220 Pa. 427; it is there pointed out that the stockholder has the right to investigate the condition of the company for himself, provided he exercises the right in good faith and in a proper and reasonable way. It is also there held, that the

averment of an intention to file a bill in equity to restrain the officers from mismanagement, and the need of information to that end is sufficient ground for granting the mandamus; and also that the fact that the petitioner is interested in a competing company is not a good and sufficient reason for refusing it.

In the present case the order of the court below shows discriminating care in its terms. It is held that plaintiff is entitled to a reasonable personal inspection of the books, and to the aid of a disinterested expert in making such extracts as are reasonably required in the preparation of the bill in equity he proposes to file. At the same time he is prohibited from doing that which would amount to burdensome interference with the business of the company. We see no reason for any just criticism of the conclusion reached, or the order made by the court below.

The judgment is therefore affirmed.