# Kinney, Appellant, *v.* Mexican Plantation Company.

*Corporations—Foreign corporations—Mandamus—Production of books —Jurisdiction.*

A Pennsylvania court has no jurisdiction to entertain a petition for a mandamus to compel the officers of a foreign corporation to permit a stockholder of such corporation to examine the books and records of the company containing the names and addresses of its stockholders. Such a proceeding relates to the internal management of the company, over which the Pennsylvania courts have no control.

Submitted Oct. 2, 1911. Appeal, No. 187, Jan. T.,

1911, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1911, No. 4,385, dismissing petition for mandamus in case of Robert D. Kinney v. Mexican Plantation Company, William H. Armstrong et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition by stockholder for mandamus.

The opinion of the Supreme Court states the case.

*Error assigned* was order dismissing the petition.

*Robert D. Kinney,* for himself.

*A. L. Wanamaker* and *James Gay Gordon,* for appellees.

PER CURIAM, October 23, 1911:

This appeal is from an order dismissing a petition for a mandamus to require the defendant's officers to permit the relator to examine the books and records of the corporation defendant that contain the names and addresses of its stockholders. A mandamus was refused and the petition dismissed for the reason that the matter of complaint related to the internal management of a foreign corporation and the dispute was between a stockholder and the corporation. That the court was without jurisdiction is clearly settled by our decisions. In Madden v. Electric Light Co., 181 Pa. 617, it was held that a Pennsylvania court will not entertain a stockholder's bill against a foreign corporation when the matter complained of relates to the internal management of the company. This ruling has since been approved and followed in Madden v. Electric Light Co., 199 Pa. 454, and McCloskey v. Snowden, 212 Pa. 249.

The order is affirmed at the cost of the appellant.