## Machen, Appellant, *v.* Machen & Mayer Electrical Mfg. Co.

*Corporations—Directors—Right to inspect books.*

1. A director has the unqualified right to inspect the books of the corporation and all that he need show to entitle him to an inspection is that he is a director of the company, that he has demanded permission to examine and that his demand has been refused.

*Mandamus—Corporations—Foreign    corporations—Directors— Duties of directors—Right to inspect books—Alternative writ— Answer.*

2. A writ of mandamus lies against locally resident directors and officers of a foreign corporation which is registered and has its plant and principal office and all its books in this State, requiring them to permit a petitioner who is a director in the company to inspect its books and papers, for the purpose of enabling him to perform his duties as director.

3. In such a case, it is not a justification for refusing plaintiff's request that prior to his last election as director, he had neglected his duties as an officer of the corporation, interfered with its management, and promoted a competing company, of which he was president; and that there was no allegation of wrong doing on the part of the defendants.

4. The exercise of the power of mandamus in such a case is not an interference with the management of the internal affairs of a foreign corporation, and it is the only adequate remedy to enforce a manifest right, where the books desired and the directors having custody of them are within the jurisdiction of the court, and a foreign court can not grant the relief.

Argued May 10, 1912. Appeal, No. 134, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1911, No. 2261, refusing peremptory mandamus in case of Charles Hudson Machen v. Machen & Mayer Electrical Manufacturing Company, a corporation of the State of New Jersey; Charles Horn, President, General Manager, Assistant Treasurer and Director of said corporation; Walter D. Bryson, Secretary and Director; Alfred J. Brannen, Treasurer and Director, and Herman Horn, James Brannen and J. Edward Fagen, Directors. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Mandamus to compel inspection of corporation records. Before FERGUSON, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment in favor of defendants.

*Garrett A. Brownback* and *Roberts, Montgomery & McKeehan,* for appellant.—The directors and administrative officers of the corporation have an absolute right to inspect the corporate books without regard to their motives: People ex rel v. Throop, 12 Wend. (N. Y.) 183; People ex rel. v. Goldstein, 37 N. Y. App. Div. 550 (56 N. Y. Supp. 306) ; People ex rel. v. Columbia Paper Bag Co., 103 N. Y. App. Div. 208 (92 N. Y. Supp. 1084) ; People ex rel. v. Central Fish Co., 117 N. Y. App. Div. 77 (101 N. Y. Supp. 1108) ; Lawton v. Bedell, 71 Atl. Repr. 490.

The stockholder's or director's suit to inspect the books and records of a foreign corporation is not within the rule as to internal affairs: Richardson v. Swift, 7 Houston (Del.) 137; State v. Farmer, 7 Ohio Cir. Ct. 429; State v. Land & Timber Co., 106 La. 621 (31 So. Repr. 172) ; Nettles v. McConnell, 151 Ala. 538 (43 So. Repr. 838) ; Sloan v. Clarkson, 105 Maryland 171 (66

Atl. Repr. 18); State v. Lazarus, 127 Mo. App. 401 (105 S. W. Repr. 780); Schondelmeyer v. Columbia Fireproofing Co., 219 Pa. 610; Andrews v. Mines Corp., 205 Mass. 121 (91 N. E. Repr. 122); McGrew v. Pittsburgh, Etc., v. Gold M. & M. Co., 20 Pa. (D. R.) 826.

*D. J. Callaghan,* for appellees.—The court has no jurisdiction of the complaint because it was an attempt to control the internal management of a foreign corporation: McCloskey v. Snowden, 212 Pa. 249; Madden v. Electric Light Co., 181 Pa. 617; Kinney v. Mexican Plantation Co., 233 Pa. 232; American Grease Co. v. Vogellus, 9 Pa. D. R. 217; Bank of Virginia v. Adams, 1 Pars. Sel. Eq. Cases, 534.

OPINION BY MR. JUSTICE MESTREZAT, July 2, 1912:

This was a petition filed in the court below for a mandamus by one of the seven directors of a foreign corporation, doing business in this State, requiring the six other directors and the officers of the corporation to permit the petitioner to inspect the books, documents and papers of the corporation to the end that he might be able to perform his duties as a director thereof.

The petition and amended petition for the writ set forth the facts in detail, but they may be summarized as follows: The Machen and Mayer Electrical Manufacturing Company was organized in 1907 under the laws of New Jersey for the purpose of manufacturing and selling electrical specialties and supplies in the City and County of Philadelphia, Pennsylvania, and was duly registered under the laws of Pennsylvania as a foreign corporation doing business within the State. The manufacturing plant and substantially all of the property of the corporation as well as its chief place of business and its books of account, minute books, the stock books and all of its papers and documents are and always have been in the County of Philadelphia. The plaintiff and the six individual defendants are directors

of the corporation, and he owns 156 of the 633 outstanding shares of its capital stock. Charles Horn is the president, general manager and assistant treasurer; Walter D. Bryson is the secretary, and Alfred Brannen is the treasurer of the company. The plaintiff, the individual defendants, except J. Edward Fagen, and all of the stockholders are and have been since the incorporation of the company citizens and residents of Pennsylvania. The individual defendants residing in Pennsylvania have the custody and possession of all the books of account, records, papers and documents of the corporation. The plaintiff is the registered agent of the corporation in Pennsylvania. There is no statute or law of New Jersey or by-law of the corporation regulating the inspection of books, documents, papers and records thereof by the directors. The by-laws provide that the business affairs of the company shall be managed and controlled by the board of directors, and that regular meetings of the board shall be held on the first Monday of each month. The only meetings of the directors held since March 13, 1911, at which there was a quorum, were the regular meetings held in the months of July and October. Defendants Herman, Horn and James Brannen hold but one share each in the stock of the company, and Bryson owns ten shares. Fagen is a resident of New Jersey and was elected a director in order to comply with the laws of that state. One share of the stock stands in his name but he is not the real owner of it, and it was transferred to him to qualify him as a director.

The business affairs of the company have not been managed by the board of directors but by the executive committee in conjunction with Charles Horn, the president. On several occasions, the plaintiff asked permission of the other directors and the officers of the company to inspect the books, documents and papers thereof in order to enable him to properly perform his duties as director. He also requested information as

to the manner in which the affairs of the company had been conducted, and asked to see a financial statement of the company. All of his requests were refused. He then instituted this proceeding for a mandamus requiring the defendants, at such times as might be reasonable and convenient for the purpose, to permit him to inspect the books, documents and papers of the corporation, to the end that he might be able to perform his duties as director. An alternative writ was awarded and served on all the directors except Fagen. A motion was made to quash the writ on the ground that the court was without jurisdiction but it was overruled.

The defendants then filed a return to the alternative writ. It does not deny the facts set forth in the petition except the averment that there is no statute or law in New Jersey regulating the inspection of the books, documents and records of the company by the directors of the company. It alleges as a justification for refusing the plaintiff's request for permission to inspect the books and documents that prior to his last election as director, the plaintiff neglected his duties as president and secretary of the company, interfered with the general management of its affairs, prevented the general manager from attending to his duties, cancelled instructions given by the general manager as to selling goods, that he was promoting a competing concern, that he put in circulation a printed card stating that he had resigned from the defendant corporation, that he had not made any charges or allegations of wrong doing or irregularities on the part of the officers of the company, and that in a report from Bradstreet it was set forth that the plaintiff was president of another company. The plaintiff demurred to the return which was overruled and the court entered judgment for the defendants. From that judgment this appeal was taken.

The appellant states and discusses two propositions: (a) the sufficiency of the facts averred in the petition to warrant the court below in granting the relief prayed for, and (b) the jurisdiction of the court to grant the relief.

The appellees confine their argument to the second proposition, and thereby concede that if the court had jurisdiction, the undisputed facts were sufficient to jus-· tify it in awarding a peremptory mandamus. We have stated the material facts set forth in the petition and they are not denied in the return to the alternative writ. They show that six of the seven directors of the corporation by the means disclosed in the petition have deprived the plaintiff, the other director, of access to the books, documents and papers of the corporation, and of the opportunity of exercising the legitimate functions of a director. We know of no authority and have been referred to none that sustains such conduct on the part of a majority of a board of directors of a corporation. It is the duty of directors to manage the affairs of the corporation and to keep in touch with the acts of its executive officers, and for that purpose they should secure all the information affecting the corporation obtainable from every available source. An im-- portant and essential part of this information must necessarily come from the books and documents of the corporation itself. They should disclose the true condition of the corporation, and thereby enable the directors to obtain correct information as to the management of its affairs by the officers whom they have selected for that purpose. It is, therefore, apparent that the directors should at all reasonable times be permitted to inspect the books of the corporation. Judge THOMPSON in sustaining the right of a director to such inspection says in his admirable work on Corporations (2nd Ed.) vol. 4, p. 993: "Of this right of the director it has been said: 'The duty of a director is to direct, and if he neglects this duty he is certainly guilty of

a moral wrong, if not a legal one. To perform this duty intelligently it is essential that he should keep himself informed as to the business affairs of the corporation and as to the acts of all its executive officers, and in order to keep himself so informed, he has the unqualified right to inspect its books, records and documents.' "

The duty to manage the corporation rests alike upon each and every one of the directors, and, therefore, it is the right of each director to inspect its books and documents. There doubtless may be differences of opinion among directors as to the management of the affairs of the corporation, but while the majority will control, they have not the authority and cannot be permitted to deprive the minority, by refusing an inspection of the books and papers, of the right to obtain information as to the affairs of the company. As said by Chief Justice SAVAGE in People v. Throop, 12 Wend. (N. Y.) 183: "Surely such an outrage could not be defended, nor can we perceive any plausible apology for it." The appellees set up in the return to the alternative writ several reasons for refusing the appellant access to the books of the company, but conceding the truth of the matters alleged in the return it does not deprive him of the right of inspection. These reasons might be sufficient grounds to justify the stockholders in refusing to elect the appellant a director to manage the company's affairs, but that is a question to be considered and determined by the owners of the assets of the company, the stockholders, and not for the majority of the board of directors. Certainly the right of a director to inspect is superior to that of a stockholder, and we have sustained the latter's right in the face of an averment in the return of a belief that the demand for inspection was not in good faith but for the purpose of using the information as a director in a competing company: Kuhbach v. Cut Glass Co., 220 Pa. 427. The other matters alleged as reasons for denying the plaintiff the

right of inspection are likewise without merit. They are for the consideration of the stockholders, not for the plaintiff's co-directors. He is responsible to the stockholders and not to his fellow-directors for the faithful discharge of his duties as a director. He has an unqualified right to inspect the books of the corporation, and all that he need show to entitle him to an inspection is that he is a director of the company, that he has demanded permission to examine and that his demand has been refused: People v. Central Fish Co., 117 N. Y. App. Div. 77.

The other and important question in this case is res nova in this jurisdiction. It is whether the courts of the State have jurisdiction by mandamus under the facts disclosed by the record to compel the directors and officers of a foreign corporation, registered to do business in this State, to permit a co-director to inspect the records, books and documents of the corporation which are within the State and the jurisdiction of the court. The objection to the jurisdiction is that the corporation was chartered under the law of another state, and that the exercise of the power would be to interfere in the management of the internal affairs of a foreign corporation. This contention, we think, is without merit in view of the undisputed facts of the case. We have already stated the facts and they need not be repeated here in detail. The plaintiff and the individual defendants against whom relief is asked are citizens and residents of the City of Philadelphia, and all the books desired for inspection are at the office of the company in the city, and the refusal to permit an examination of the books by the petitioner occurred at the company's office in the city. The company's manufacturing plant is likewise in the city and the sales of its products are made in this and other states. Almost immediately after the company was incorporated, it registered in this State as required by our act of assembly and has since continued its business in the City of Phila-

delphia. Its chief place of business is in Philadelphia with a nominal office in Camden which is required by the statute of New Jersey. Fagen, a nominal stockholder, resides in New Jersey as required by the statute of that state, but he has not been served and no relief in this proceeding is asked against him. The share of stock standing in his name belongs to one of the other defendants, and all of the other stock of the company is, therefore, owned by citizens and residents of this State. Personal service of the alternative writ was made on all of the individual defendants except Fagen.

The facts clearly show that there is no attempt on the part of the plaintiff to interfere with the internal affairs of the corporation. There is no demand for relief against the corporation but against its directors and officers who are citizens and residents of the State and within the jurisdiction of the court. It is not an attempt to enforce a claim against the corporation, nor to test the right of any officer or director to his office, nor to enforce a local law of the domiciliary jurisdiction of the company. The relief sought does not require the court to construe or enforce any law of New Jersey, or to interfere in any way in determining the rights or duties of the directors or officers of the corporation under the laws of the foreign jurisdiction. There is no demand here that the corporation be compelled to do anything, nor does the proceeding seek to adjudicate the rights of the stockholders in any matter concerning them. The plaintiff does not ask the court to exercise any visitorial power over the corporation or control its management. We are, therefore, at a loss to see how the granting of the relief sought in this proceeding will regulate or interfere in any way with the internal affairs of the corporation. It is simply a demand on the part of the plaintiff that he be permitted to see the books, records and documents of the corporation that he may perform the duties of director which the stockholders and others interested in the corporation have

the right to demand of him.   To deny him this right is
in effect to exclude him from the directorate of the cor-
poration, as well as to announce the principle that a
majority of the directors may, at their pleasure, ex-
clude the minority from all participation in the man-
agement of the corporation.   Unless the court assumes
jurisdiction and grants the relief prayed for, the plain-
tiff is without any adequate remedy to enforce a mani-
fest right.   The books desired and the officers and di-
rectors having the custody of them are within the juris-
diction of the court, and a foreign court could not grant
the relief which the plaintiff seeks and to which he is
entitled.   It would be worse than idle to compel the
plaintiff, a citizen of this State, to go to the domiciliary
jurisdiction to seek the relief he asks here.   The New
Jersey statute which confers jurisdiction upon its courts
to compel the books of the corporation to be returned
to the state cannot give the plaintiff proper and efficient
relief.   The decisions of the New Jersey court clearly
disclose that fact: Huylar v. Cragin Cattle Co., 42 N.
J. Eq. 139; Fuller v. Hollander and Company (N. J.),
88 Am. St. Rep. 456.   The courts of that state have
no jurisdiction over the persons of the directors and
officers except director Fagen, a resident of New Jer-
sey, and it is admitted that the books of the corpora-
tion are within this jurisdiction.   If, indeed, the courts
of New Jersey could compel the return to that state
of the books as well as the directors and officers
of the company who have charge of them in this State
the relief obtained, if any, would be attended with such
delay and inconvenience as would practically be a de-
nial of it in an efficient form.   The plaintiff is attempt-
ing to enforce a common law, and not a statutory, right
in which the courts of this Commonwealth, under the
facts of the case, have undoubted jurisdiction.   In such
cases the remedy is properly enforceable in the forum
where the records and their custodians are located.
The writ goes against the officers who have possession of

the books and it necessarily must be issued in the forum where the books and their custodians may be found. They cannot be reached directly by process issued in any other jurisdiction. The enforcement of the writ, compelling the production of the books, will not result in the investigation of or interference with the internal affairs of the corporation, nor will it affect the management of the corporation in any way whatever. We are, therefore, clear that the court below had jurisdiction to grant the relief prayed for in the petition and to compel the production of the books, documents and papers of the corporation in the City of Philadelphia for inspection by the plaintiff.

The courts in other states have sustained the jurisdiction and granted such relief on the application of a stockholder of a private corporation: Richardson v. Swift, 7 Houston (Del.) 137; State ex rel. English v. Lazarus, 127 Mo. App. 401; Andrews v. Mines Corporation, 205 Mass. 121, 137 Am. St. Rep. 428, 5 Thomp. on Corp. (2nd Ed.) sec. 6742. In the Andrews case, Chief Justice KNOWLTON, delivering the opinion, said (p. 122): "The right which is sought to be enforced here is one of general, if not universal, recognition from early times. It is referred to in different cases as a right existing at common law. In order to enforce it, the court is not called upon to investigate the internal affairs of the corporation, or to make any order that affects it in the management of its business, or in the relations of stockholders to one another." In the Lazarus case, GOODE, J., said (p. 407): "It (the proceeding) is simply intended to enforce a common law right enjoyed by the relator as shareholder, to examine the corporate records for proper purposes; and such remedy may be, and properly is, sought in the forum where the records are kept by their custodians; and it is our opinion that by accepting the provisions of the Missouri statutes enabling foreign corporations to do business in the state, the respondent company so far became sub-

ject to the jurisdiction of the Missouri courts that they may afford relief of the kind sought, if the circumstances are appropriate."

The right of a director to inspect the books of the corporation, like that of a stockholder, exists at common law, but the right of the former is unqualified while the latter, to a certain extent, is a qualified right.  The reason is that the duties of a director require him to be familiar with the affairs of the company in order that he may have sufficient information to enable him to join intelligently in the management of the concern. The protection of the interests of the company, therefore, require that his right to an inspection of the books be absolute.  The inspection by a stockholder is primarily for the purpose of protecting his individual interest, and is not with the view of enabling him to perform his duty as a manager of the corporation.  It is, therefore, a qualified right and depends in each instance upon the facts of the particular case.  It may, and frequently does interfere with and affect the internal affairs of the corporation, and when it does, the domestic court will withhold its aid and not grant the relief.

We have carefully examined the cases cited by the learned counsel for the appellees and are convinced that they do not rule the case at bar against the appellant.  Their facts differentiate them clearly from the present case.  They are cases of a stockholder and not of a director, and, as pointed out above, relief will frequently not be granted in such cases to a stockholder where it would be granted to a director.  We think in the present case the plaintiff has, both by reason and precedent in other jurisdictions, established his right to the relief he seeks, and that the authorities cited by the appellees do not rule the case against him.  We are all of the opinion that the court should have granted a peremptory writ.

The judgment of the court below is reversed, and it is now ordered, adjudged and decreed that that court issue a peremptory writ of mandamus directed to the individual defendants served and each of them, requiring and commanding them and each of them, at such times as may be reasonable and convenient for the purpose, to give to Charles Hudson Machen, the plaintiff, with his clerk or clerks, access to all the books, documents and papers of the defendant corporation in their possession with the opportunity to make abstracts and copies therefrom. It is further ordered that the individual defendants, served in this case, pay the costs in this and the court below.