# Tierney *v.* Indian Ridge Coal & Coke Company et al., Appellants.

*Corporations—Foreign corporations—Stockholders—Right to inspect books—Mandamus.*

Where the officers of a foreign corporation reside in a county of this State and have custody of the books and papers of the corporation, the Common Pleas Courts of the county where such officers reside have jurisdiction to award a mandamus to compel such officers to permit a stockholder to inspect the books and papers under their control.

Argued Jan. 8, 1917, Appeal, No. 296, Jan. T., 1916, by defendants, from order of C. P. Fayette Co., March T., 1916, No. 495, awarding mandamus, in case of Laurence E. Tierney v. Indian Ridge Coal & Coke Company and Zenith Coal & Coke Company, Corporations, and Worth Kilpatrick, President of Indian Ridge Coal & Coke Company, and of Zenith Coal and Coke Company, and J. A. Armstrong, Secretary and Treasurer of Indian Ridge Coal & Coke Company, and of Zenith Coal & Coke Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for mandamus to compel defendants to permit stockholders of a foreign corporation to inspect books and papers under their control. Before REPPERT, J.

From the record it appeared that the two defendant companies operated coal mines in McDowell County, West Virginia. They were both corporations of that state and had their principal offices in said county.

Respondents admitted that, for some years past, Kilpatrick was a director and the president of the Indian Ridge Coal & Coke Company and Zenith Coal & Coke Company, and that Armstrong was secretary and treasurer of said corporations and that said respondents resided in the borough or City of Connellsville, and that they signed checks there for the payment of obligations incurred by said corporations during the transaction of their corporate business in the State of West Virginia; that some of the corporate funds were deposited in a bank in said borough or City of Connellsville, and that some of the stationery used by them may have had noted thereon the individual residences of the respondents. They denied that at any time either of said corporations had an office for the transaction of its corporate business in said borough or City of Connellsville, or elsewhere in the county, or State of Pennsylvania, or transacted any of its proper corporate business in said city, county or State, and averred that the principal office of the said Indian Ridge Coal & Coke Company, while it had an office, was in Worth, McDowell County, West Virginia, and that the principal office of Zenith Coal & Coke Company, while it had an office, was in Crumpler, McDowell County, West Virginia, and that all of its proper corporate business, so long as it did any business, was transacted in those places or elsewhere in the State of West Virginia, and not in the State of Pennsylvania.

They further admitted that the respondents, Kilpatrick and Armstrong, had in their custody and possession all of the books, vouchers and other papers relating to the financial condition of the corporations. In the supplemental answer of April 3 it is stated that part of the corporate books, papers and documents were, at the time of the service of the writ, at the McDowell County offices of the companies, but it is not averred that such part relates to their financial condition.

The court awarded the relief prayed for. Worth Kilpatrick and J. A. Armstrong appealed.

*Error assigned* was the order of the court.

*H. L. Robinson,* with him *Umbel, Robinson, McKean &*
*Williams,* for appellants.

*S. J. Morrow,* with him *W. J. Sturgis,* for appellee.

PER CURIAM, January 29, 1917:
We are all of opinion that the controlling questions in
this case are so clearly ruled in favor of the appellee by
Machen v. Machen & Mayer Electrical Mfg. Co., 237 Pa.
212, and the cases therein cited, that discussion is un-
necessary, and the order and decree of the court below is
therefore affirmed.