## Conerty et al. *v.* Butler County Oil Refining Co. et al., Appellants.

418

Argued October 6, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*James M. Galbreath,* with him *C. Hale Sipe* and *Marshall & Watson,* for appellant.—Defendants aver that the court is without jurisdiction in this case as the Butler County Oil Refining Co. has been created and exists under and by virtue of the laws of the State of Arizona.

The courts will not award a writ of mandamus to give a stockholder, with his clerks, attorneys, accountants and auditors, access to the entire records of the company, make an audit of its affairs for a period of ten years, without a clear showing of a necessity for it or of a legal right withheld: Machen v. Electric Mfg. Co., 237 Pa. 212; Hodder v. Hogg Co., 223 Pa. 196.

The courts of Pennsylvania will not interfere with the internal management of a foreign corporation: Madden

v. Electric Light Co., 181 Pa. 617; Thompson v. Connellsville C. Co., 269 Pa. 500; Kinney v. Plantation Co., 233 Pa. 232; Mining Co. v. Field, 64 Md. 154.

*Brandon, Brandon & Ross, J. Campbell Brandon, Aiken & Braham, W. Walter Braham, William D. Cobau* and *J. Glenn Berry,* for appellees, were not heard.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 24, 1930:

There are four plaintiffs in this case, two being original parties and the others intervenors by consent of the court below; they were awarded a mandamus ordering defendant company and certain of its officials to permit them, either in person or through their agents, clerks, attorneys, accountants and auditors, to examine the corporation's books and records, so that they might obtain such information of its affairs and financial condition as would enable them to confer with other stockholders and properly draft a bill in equity against the company and its officials for the protection of the stockholders, it being alleged that the corporation was being mismanaged to its financial detriment by those in control. The Butler Oil Sales Company, also mentioned in the mandamus, is not a separate corporation; it is simply a name under which the refining company conducts some of its retail sales.

Appellants' brief states that the matters for our consideration narrow down to two points: (1) Defendant company being an Arizona corporation, whether the court below had jurisdiction to issue the mandamus now before us; (2) Defendants being willing for plaintiffs, "at a proper and reasonable time and place," to make examination of the corporation's books and records, whether the court below could permit them such examination by their "agents, clerks, attorneys, accountants and auditors."

On the first question, as recently said by us in Cunliffe v. Consumers' Association, 280 Pa. 263, 268 (see also Wettengel v. Robinson, 288 Pa. 362, 368-9), the point involved is not so much one of the right to assume jurisdiction as of the proper use of discretion in its exercise. In recent years, we have by several decisions held that a foreign corporation like defendant company, registered and doing business in Pennsylvania, with all or most of its property and assets in our State, is subject to such an order as issued in the present case: Machen v. Machen & Mayer E. M. Co., 237 Pa. 212, 217, 219-22; Tierney v. Indian Ridge C. & C. Co., 256 Pa. 340, 342. In the first of these cases, plaintiff was a director, but in the second, as in the case at bar, plaintiff was merely a stockholder, yet the controlling rulings of the first were expressly adopted in the second. See also Hodder v. Hogg Co., 223 Pa. 196, as to the right in general of stockholders to inspect books of corporations. The common pleas of the county in which the greater part of the property is located and wherein the persons who have actual or technical control of such property reside, is the tribunal vested with jurisdiction to issue the writ: Machen v. Machen & Mayer E. M. Co., supra; Act of June 8, 1893, P. L. 345, as amended by Act of May 13, 1925, P. L. 664.

On the right of plaintiffs to use clerks, agents, counsel and experts for the purpose of inspecting the books and records, see Phœnix Iron Co. v. Com. ex rel. Sellers, 113 Pa. 563, 573; Hodder v. Hogg Co., supra, 199; Com. ex rel. Wilde v. Penna. Silk Co., 267 Pa. 331, 333, 336.

Defendants contend that one of the plaintiffs was, for most of the period of the alleged mismanagement, actual manager of the corporation, and that he has knowledge of all the affairs of the company during that period. Assuming, but not deciding, that this allegation might possess legal significance, it does not cover the entire period involved; moreover, at least two of the plaintiffs appear to be mere stockholders without present or previous

opportunity for special knowledge of the affairs of the corporation. See Franklin Nat. Bank v. Kennerly Coal Co., 300 Pa. 479, 483.

The order of the court below is that the proposed investigation shall take place "at such times as may be reasonable and convenient for the purpose." We understand this to mean, at such time or times as may be convenient to defendant corporation, and as may not unreasonably interfere with its regular business. Of course, those in charge of the company will not be permitted to act capriciously in fixing the time or times for the examination, nor will those in charge of the examination be allowed to prolong unduly the labor involved. The court below, as recognized by counsel for plaintiffs in their printed brief, has ample power to control the matter and to see to it that "the examination is [not] carried on improperly [and does not] impose unnecessary burdens on defendants."

So far as Kinney v. Mexican Plantation Co., 233 Pa. 232, cited by appellants, is concerned, the facts involved are not clearly shown by the report, the court simply stating that, on the record before it, an examination of the books of the corporation would constitute an interference with its internal affairs. However this may be, so far as that case is in conflict with Machen v. Machen & Mayer E. M. Co., supra, or with Tierney v. Indian Ridge C. & C. Co., supra, it must be considered as overruled.

Under all the circumstances disclosed by this record, we are not convinced that the court below erred in ordering the mandamus now before us.

The order appealed from is affirmed.