## Muro et ux. v. Elwood Becker Building & Loan Association

*Maurice M. Green,* for petitioners; *Henry W. Balka,* for respondent.

ALESSANDRONI, J., March 21, 1934.—The petition for the writ of alternative mandamus sets forth that the plaintiffs are stockholders of the defendant building and loan association, and that they requested the right to examine the books of the association in order to obtain a list of the stockholders, so that the plaintiffs could consult with them with regard to the conduct of the business of the Elwood Building & Loan Association, and further that they requested the right to examine the books in order to ascertain the cause for certain losses suffered. It is also stated that the purposes of obtaining the information are, first, that the stockholders may properly inquire into the business of the association to see whether it has been properly managed, and second, that they may have proper representation by exercising the right of cumulative voting.

The answer to the petition sets forth certain facts, the propriety of which as a proper defense is questioned by the demurrer. The defendants allege that they have exhibited a copy of the accountant's report to the plaintiffs, which report is open to inspection at all times.

It has been firmly established in this jurisdiction by a long line of cases that a stockholder of a corporation has the right to inspect the books of the company at a proper time in the proper way in order to ascertain whether the business has been properly conducted. In Hodder v. George Hogg Co., 223 Pa. 196, this principle was sustained even though the stockholder was interested in a competing company. In Commonwealth ex rel. v. Pennsylvania Silk Co. et al. (No. 1), 267 Pa. 331, a stockholder was held entitled to examine the books of the company with his attorney, even though the bylaws of the corporation, for which the stockholder had voted, provided that stockholders could only examine the books if the board of directors, in their discretion, authorized it. In Conerty et al. v. Butler County Oil Refining Co. et al., 301 Pa. 417, the right of a stockholder to examine the books of a corporation was extended to a foreign corporation, registered and doing business in the State of Pennsylvania, with all or most of its assets in the State. It thus appears conclusive that the plaintiff stockholders have the right to examine the books of the association at a reasonable and proper time. They are not limited to the examination of a report made by accountants for the association.

It is also averred that the petition was brought in bad faith and for the sole purpose of obtaining a list of stockholders in order to attempt to force the immediate liquidation of the association. The stockholders of a corporation, in the exercise of their discretion in accordance with the law, are possessed of

legal rights which a corporation cannot arbitrarily deny them. A corporation is subject to the control of the stockholders, and they may invoke the aid of the court to protect their legal rights. The board of directors cannot arbitrarily deprive them of such rights merely because they believe the stockholders may endeavor to conduct the business of the corporation in a different manner. Defendants in addition set forth that the association has not suffered any unwarranted depreciation of assets. This is a fact which the plaintiffs wish to ascertain for themselves, which they are clearly entitled to do. The defenses set forth have been uniformly held to be insufficient by the courts: 14 C. J. 858.

And now, to wit, March 21, 1934, the demurrer is sustained and the prothonotary directed to issue a writ of mandamus.

NOTE.—An appeal to the Supreme Court from the foregoing order was non prossed.