Kahn *v.* American Cone & Pretzel Company et al., Appellants.

162

Argued May 22, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Morton P. Rome*, with him *Thomas F. Devine*, *M. Walton Sporkin, Jr.*, and *Sundheim, Folz, Kamsler & Goodis*, for appellants.

*Bernard Eskin*, with him *Wolf, Block, Schorr & Solis-Cohen*, for appellee.

OPINION BY MR. JUSTICE JONES, June 26, 1950:

In this case, the plaintiff, a stockholder of a West Virginia corporation, registered to do business in Pennsylvania, brought suit in mandamus in the court below to compel the corporation and its officers to allow him to inspect such of the corporation's books and records as would disclose the names and addresses of the company's stockholders. The motive for the effort, as found by the court below, was that the plaintiff wished to form a protective committee of preferred stockholders to act in the interest of his investment. The two officers of the corporation named as defendants are citizens and residents of Pennsylvania and were duly served. Furthermore, the corporation maintains its principal office in Pennsylvania and there keeps its books and records which the plaintiff desires to inspect. The lower court entered a judgment awarding the plaintiff a peremptory writ; and the defendants have appealed.

It is well settled in this State that a court will not take jurisdiction for the purpose of regulating or interfering with the internal management or affairs of a foreign corporation: *Ferrari v. Level Coal Mining Co., Inc.*, 358 Pa. 44, 55 A. 2d 755; *Hopkins v. Great Western Fuse Company*, 343 Pa. 438, 440, 22 A. 2d 717; *Kelly v. Brackenridge Brewing Company, Inc.*, 318 Pa. 254, 256, 178 A. 487; *Thompson v. Southern Connellsville Coke Co.*, 269 Pa. 500, 502-503, 112 A. 533. Section 1001 of the Business Corporation Law of May 5, 1933, P. L. 364 (15 PS §2852-1001), confirms the rule, so far as an exercise of the Commonwealth's power over a registered foreign corporation is concerned, by providing that ". . . nothing in this act contained shall be construed to authorize this Commonwealth to regulate the organization or the internal affairs of such [foreign] corporation."

There is no arbitrary line of demarcation, however, between what does and what does not constitute the character of internal affairs wherewith a local court will not interfere in the case of a foreign corporation. The general rule is that the granting of a right to inspect a foreign corporation's books and records, which are within the jurisdiction, does not so offend: see 20 C. J. S., Corporations, §1883. As stated in 23 Am. Jur., Foreign Corporations, §435, "It has been held in numerous cases that a court will entertain jurisdiction of an action to compel an inspection of the corporate books of a foreign corporation and will require an officer having custody thereof to permit a proper person to examine and copy the same *where such books are within the jurisdiction*" (Emphasis supplied). See, also, Restatement, Conflict of Laws, §§192-202; and Fletcher, Cyclopedia Corporations (Perm. Ed.), Vol. 5, §2229. With respect to the specific question, such as is here involved, Section 200 of the Restatement, cit. supra, declares that "A court will entertain a suit by a share-

holder of a foreign corporation to compel the officers of the corporation to allow him to inspect the books or properties of the corporation which are within the state." The law of Pennsylvania is in accord with these principles: see *Conerty v. Butler County Oil Refining Co.*, 301 Pa. 417, 420, 152 A. 672; *Tierney v. Indian Ridge Coal & Coke Company*, 256 Pa. 340, 342, 100 A. 814; and *Machen v. Machen & Mayer Electrical Mfg. Co.*, 237 Pa. 212, 219-222, 85 A. 100.

In determining upon what conditions and to what extent a stockholder of a foreign corporation will be accorded a right of inspection, a local court will follow the law of the corporation's domicile *unless a local statute defines the rights of inspection of stockholders of all corporations doing business in the State:* Restatement, Conflict of Laws, §200, Comment a. There is such a statute in Pennsylvania. Section 1010 of the Business Corporation Law, supra, provides that "A foreign business corporation which shall have received a certificate of authority under this act, so long as such certificate of authority shall not be revoked or cancelled, shall enjoy the same rights and privileges as a domestic business corporation, but no more, and, except as in this act otherwise provided, shall be subject to the same liabilities, restrictions, duties and penalties now in force or hereafter imposed upon domestic business corporations, to the same extent as if it had been organized under this act to transact the business set forth in its certificate of authority."

The obvious purpose of the foregoing comprehensive Section was to confer upon foreign corporations registered to do business in Pennsylvania the same rights and privileges and to impose upon them the same liabilities and duties as are respectively enjoyed by or imposed upon domestic business corporations. This is further confirmed with respect to the specific question here involved by Section 308, Subsection A, of the Business

Corporation Law, supra, which provides that *"Every business corporation* . . . shall keep at its registered office, or at the office of a transfer agent or registrar *within this Commonwealth,* an original or a duplicate share register, giving the names of the shareholders in alphabetical order, and showing their respective addresses . . ." (Emphasis supplied). The requirement that an original or a duplicate share register be kept "at the office of a transfer agent or registrar within this Commonwealth" makes it clear that the legislature meant to embrace by the phrase "Every business corporation" all corporations, foreign and domestic, doing business in the State and not just domestic corporations. The defendants have complied with the requirements of this Subsection; the books of the corporation, including the stock register, are in Pennsylvania and within the jurisdiction of the court. Subsection B of Section 308 further provides that "Every shareholder shall have a right to examine, in person or by agent or attorney, at any reasonable time or times, for any reasonable purpose, the share register . . . ." And, of course, the right thus conferred upon shareholders concomitantly imposes upon the corporation a reciprocal duty to permit the shareholder to exercise his right of inspection.

In *Machen v. Machen & Mayer Electrical Mfg. Co.,* supra, where a director of a foreign corporation brought a similar proceeding in Pennsylvania, this court affirmed the proposition that ". . . the courts of the State have jurisdiction by mandamus . . . to compel the directors and officers of a foreign corporation, registered to do business in this State, to permit a co-director to inspect the records, books and documents of the corporation which are within the State and the jurisdiction of the court." The appellants attempt to distinguish the *Machen* case on the ground that a director rather than a stockholder was the active litigant there. But, that

distinction was long ago rejected in *Tierney v. Indian Ridge Coal & Coke Company*, supra, where the inspection was sought by a *stockholder*. It was there said in a brief per curiam opinion that ". . . the controlling questions in this case are so clearly ruled in favor of the appellee [the stockholder] by Machen v. Machen & Mayer Electrical Manufacturing Co., 237 Pa. 212, and the cases therein cited, that discussion is unnecessary, and the order and decree of the court below is therefore affirmed." The immateriality of the distinction was further recognized in *Conerty v. Butler County Oil Refining Co.*, supra, where Chief Justice MOSCHZISKER, speaking for this court, said "In recent years we have by several decisions held that a foreign corporation like defendant company, registered and doing business in Pennsylvania, with all or most of its property and assets in our State, is subject to such an order as issued in the present case: Machen v. Machen & Mayer E. M. Co., 237 Pa. 212, 217, 219-22; Tierney v. Indian Ridge C. & C. Co., 256 Pa. 340, 342. In the first of these cases, plaintiff was a director, but in the second, as in the case at bar, plaintiff was merely a stockholder, yet the controlling rulings of the first were expressly adopted in the second. See also Hodder v. Hogg Co., 223 Pa. 196, as to the right in general of stockholders to inspect books of corporations."

The appellants seek to distinguish the *Conerty* case, supra, on the ground that in that case "all or most of [the corporation's] property and assets" were in this State, while only about twenty per cent of the defendant corporation's assets are located here. Incidentally, none of the defendant corporation's assets is located in the State of its creation (West Virginia) and only "a small percentage" of its business is done there, while twenty per cent of its business is done in Pennsylvania. However, the applicability of the rule does not, of course, depend upon nice questions of relativity. The matters

of present importance are that the corporation maintains its principal office and its corporate books and records in this State and within the jurisdiction where the defendant officers also reside and were served with process.

The case of *Ferrari v. Level Coal Mining Co., Inc.*, supra, upon which the appellants so heavily rely is not in point. Jurisdiction was there declined in the exercise of a sound discretion. The inspection sought was in intended aid of charges that certain officers and stockholders of the corporation were wrongfully diverting its earnings to their own pecuniary benefit. In effect, the bill charged the defendants with fraud and corporate mismanagement for the remedy whereof the plaintiff would have been compelled to resort to the courts of the corporation's domicile. Like in the *Conerty* case, supra, ". . . the point involved [was] not so much one of the right to assume jurisdiction as of the proper use of discretion in its exercise." In other words, although having jurisdiction, it is still a matter of discretion whether a court will exercise it. The decision in the *Ferrari* case, supra, was not intended to, nor did it, overrule or even conflict with any of the prior decisions of this court.

That the plaintiff's avowed purpose in seeking the inspection in the instant case was a proper one in the eyes of the law, see *Hauser v. York Water Co.*, 278 Pa. 387, 392, 123 A. 330; *Drovin v. Lehigh Coal & Navigation Company*, 265 Pa. 447, 448, 109 A. 128; and *Klein v. Scranton Life Insurance Company*, 139 Pa. Superior Ct. 369, 375, 11 A. 2d 770. That such was in fact the plaintiff's purpose, the learned trial judge expressly found. That finding, having been confirmed by the court en banc, has the weight of a jury's verdict and may not now be disturbed, there being substantial evidence to support it: see *Coleman v. Huffman*, 357 Pa. 232, 235, 53 A. 2d 601.

Judgment affirmed.