## Oliver v. Insul-Mastic Corp.

*John P. McComb, Jr.*, for plaintiffs.

*Kenneth G. Jackson, William C. O'Neill* and *Thorp, Reed & Armstrong*, for defendant.

McNaugher, P. J., June 23, 1955.—We are to dispose of defendant's preliminary objections to plaintiffs' complaint as amended.

The amended complaint alleges that defendant, a Delaware corporation, whose principal place of business is in Pittsburgh, Allegheny County, is engaged in the sale of mastic coatings, that these are produced,

under patents owned by one Orville B. McGrew, by Insul-Mastic Laboratories, Inc., an Illinois corporation, of which McGrew is the president and majority stockholder, that under an agreement with McGrew defendant was given the exclusive right to sell the coatings throughout the world, with the exception of certain specified areas, that in the early part of 1952 defendant instituted an action in the United States District Court for the Northern District of Illinois (Eastern Division) against McGrew and others, alleging violation of the exclusive sales agreement by the sale of coatings to competitors, and seeking an injunction and damages for breach of contract; that McGrew through his representatives voted a majority of the shares of stock of defendant so as to replace the directors who were in office at the time of the institution of the Illinois suit, that said shares were also voted to adopt a resolution disaffirming the action in instituting the suit and instructing the new directors to take immediate steps to withdraw and discontinue it, that McGrew dominates and controls defendant to its detriment and that of its stockholders and particularly its minority stockholders, that McGrew over a period of years has repeatedly expressed the intention to cancel and terminate the sales agreement, and through the directors of his choice he proposes to cause defendant to agree to cancel or amend it so as to deprive it of its exclusive license agreement, to its damage and that of plaintiffs and other stockholders.

The prayers of the amended complaint are that defendant be enjoined and restrained from taking any action to withdraw or discontinue the Illinois case and from revoking or amending in any way the exclusive sales agreement.

In connection with the present action, commenced March 14, 1955, by the original parties, who are own-

ers of one percent of the common stock, a preliminary injunction was entered, and on March 24, 1955, pursuant to a stipulation of counsel, it was dissolved and the amended complaint was filed. May 11, 1955, the Mellon National Bank and Trust Company, surviving testamentary trustee under the will of Alexander Rex Flynn, deceased, and owner of approximately six percent of the common stock and approximately 15 percent of the preferred stock, was permitted to intervene as a party-plaintiff and thereupon it adopted the amended complaint of original plaintiffs.

Defendant's preliminary objections are as follows: 1. This court does not have jurisdiction of the subject matter; 2. plaintiffs lack capacity to sue defendant in the manner averred in the amended complaint; 3. the amended complaint contains a misjoinder of causes of action; 4. the amended complaint is in violation of law and rules of court; 5. plaintiffs have failed to join necessary and indispensable parties; 6. no cause of action has been stated; and 7. the amended complaint is not sufficiently specific.

The disposition we propose to make of the first objection, that this court does not have or should not take jurisdiction of the subject matter, will itself decide the case.

What we are asked in effect to do, as set forth in the prayers of the amended complaint, is to exercise visitorial powers and take jurisdiction over the management of the internal affairs of a foreign corporation. It has been and is the settled policy of Pennsylvania courts, as followed in a long line of decisions, that they will decline to act in such circumstances. See, among others, the cases of Ferrari et ux. v. Level Coal Mining Co., Inc., et al., 358 Pa. 44 (1947); Hopkins v. Great Western Fuse Company et al., 343 Pa. 438 (1941); Kelly v. Brackenridge Brewing Com-

pany, Inc., et al., 318 Pa. 254 (1935) ; Kelly v. Thomas, 234 Pa. 419 (1912) ; and Madden et al. v. The Penn Electric Light Co. et al., 181 Pa. 617 (1897). In the Madden case, at page 622, the definition of what constitutes internal management is given by the Supreme Court of Maryland as quoted with approval by our own Supreme Court as follows:

" 'Where the act complained affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation; and in case of a foreign corporation our courts will not take jurisdiction.' "

In the opinion which we wrote for the lower court in Hopkins v. Great Western Fuse Company et al., supra, we said:

"In the Madden case in which the court refused to take jurisdiction because the question involved was one of internal management, the plaintiffs were stockholders who, just as in the present case, accused the corporate management of disregard of the rights of the stockholders in making reckless contracts which adversely affected the value of the stock."

In the Hopkins and Madden cases, just as here, all of the assets of defendant corporation and its principal place of business were in the county of this state where relief was being sought.

It seems to us plain that to examine and decide the question of enjoining defendant from withdrawing or discontinuing the suit in Illinois and from revoking an exclusive sales agreement would be to determine a matter of great importance to, if not even the very existence of the corporation and certainly it would

constitute interference in a most decisive way in the internal affairs and management of a foreign corporation. This we will not do.

Counsel for plaintiffs cites several cases as authorities for his position that in circumstances such as the present our courts have taken jurisdiction but each of them we think is to be distinguished.

In Kahn v. American Cone and Pretzel Co., 365 Pa. 161; Kinney v. Mexican Plantation Co., 233 Pa. 232; Machen v. Machen, etc., 237 Pa. 212; Tierney v. Indian Ridge Coal and Coke Co., 256 Pa. 340, and Conerty v. Butler County Oil Ref. Co., 301 Pa. 417, all that seems to have been involved was the right to an inspection of records.

In the Kahn case, supra, the court said, at page 164:

"In determining upon what conditions and to what extent a stockholder of a foreign corporation will be accorded a right of inspection, a local court will follow the law of the corporation's domicile *unless a local statute defines the rights of inspection of stockholders of all corporations doing business in the State:* Restatement, Conflict of Laws, §200, Comment a. There is such a statute in Pennsylvania. Section 1010 of the Business Corporation Law . . . provides that 'A foreign business corporation which shall have received a certificate of authority under this act, so long as such certificate of authority shall not be revoked or cancelled, shall enjoy the same rights and privileges as a domestic business corporation, but no more, and, except as in this act otherwise provided, shall be subject to the same liabilities, restrictions, duties and penalties now in force or hereafter imposed upon domestic business corporations, to the same extent as if it had been organized under this act to transact the business set forth in its certificate of authority.' . . .

"Section 308, Subsection A, of the Business Corporation Law, supra, which provides that *'Every business corporation* . . . shall keep at its registered office, or at the office of a transfer agent or registrar *within this Commonwealth*, an original or duplicate share register, giving the names of the shareholders in alphabetical order, and showing their respective addresses. . . .' Subsection B of Section 308 further provides that 'Every shareholder shall have a right to examine, in person or by agent or attorney, at any reasonable time or times, for any reasonable purpose, the share register . . .' And, of course, the right thus conferred upon shareholders concomitantly imposes upon the corporation a reciprocal duty to permit the shareholder to exercise his right of inspection."

National Guarantee Credit Corp. v. Worth & Co., Inc., et al., 274 Pa. 148, and Cunliffe et al. v. Consumers' Assn. of America et al., 280 Pa. 263, involved the appointment of receivers to preserve assets within the court's jurisdiction. In the National Guarantee case it is stated, page 150:

"The lower court had jurisdiction of the parties and of the property in this state; the temporary receiver is merely the hand of the Chancellor to assist in preserving the status of the property and in aid of the injunction . . . and may be appointed whether or not a domiciliary receiver has been appointed for the foreign corporation":

In Bailey et al. v. Ancient Egyptian Arabic Order, etc., 162 Pa. Superior Ct. 5, the question was with reference to representation of a local lodge at a national convention which was being held in Philadelphia. The court there took jurisdiction because to have referred such a case to the court of domicile of the corporation would have involved a delay beyond the period during which the convention was being held and consequently

the complaining lodge would have been without a remedy.

The case of Hirshhorn v. Mine Safety Appliances Co. et al., 54 F. Supp. 588, was tried in a Federal court which chose not to follow the decisions in our State courts.

In Thompson v. Southern Connellsville Coke Co. et al., 269 Pa. 500, the question to be decided had to do with the right of directors to vote for a resolution which allegedly violated a statute of West Virginia, the State of incorporation. As the averments of the complaint involved the internal management of the corporation, the court refused to take jurisdiction.

In view of the foregoing it is unnecessary to discuss the additional preliminary objections. Those affecting the manner and form of the action, however, seem to us meritorious.

The preliminary objections will be sustained and the amended complaint dismissed.

### Order

And now, to wit, June 23, 1955, defendant's preliminary objections are hereby sustained and it is ordered and directed that the amended complaint be dismissed and that judgment be entered in favor of defendant.