**Edward F. GENETTI et al.**

v.

**VICTORY MARKETS, INC.**

**Civ. No. 73-154.**

United States District Court,
M. D. Pennsylvania.
March 28, 1973.

---

James E. O'Brien, Scranton, Pa., Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiffs.

Warren, Hill, Henkeman & McMenamin, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Plaintiffs, Edward F. Genetti, Richard S. Genetti, and Hazleton National Bank, Trustee to the Deed of Trust of Stanley V. Genetti, shareholders of defendant, Victory Markets, Inc. (hereafter Victory), a New York Corporation, seek to enjoin Victory from holding its annual meeting of shareholders, scheduled for April 17, 1973, until plaintiffs are permitted to examine and copy defendant's shareholder list. In their complaint, plaintiffs allege that they own in excess of 10% of the voting common stock of Victory and that pursuant to Section 624(b) of the New York Business Corporation Law, McKinney's Consol. Laws, c. 4, they are entitled to the list in order to communicate with shareholders to "discuss what steps, if any, should be taken to prevent the further deterioration of the operations, financial and otherwise, of Victory Markets, Inc." Defendant opposes the request for in-

junctive relief on the grounds, among others,[1] that the court should not exercise jurisdiction over an action involving the internal affairs of a foreign corporation. A hearing on plaintiffs' motion for a preliminary injunction was held on March 19, 1973, at which time the parties stipulated that it would serve as a final hearing on the merits. Briefs have been filed by both sides and the matter is now before the court for disposition.

■ Since this is a diversity case, a federal court sitting in Pennsylvania is bound to apply Pennsylvania substantive law, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which includes its conflict of laws rules. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, contrary to what plaintiffs contend, if a Pennsylvania court faced with the instant situation would decline jurisdiction, a federal court sitting in Pennsylvania would similarly decline. See Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947). It is well settled Pennsylvania law that a Pennsylvania court will not take jurisdiction for the purpose of regulating or interfering with the internal management of a foreign corporation. Donna v. Abbotts Dairies, Inc., 399 Pa. 497, 161 A.2d 13 (1960); Kahn v. American Cone & Pretzel Co., 365 Pa. 161, 74 A.2d 160 (1950); Conerty v. Butler County Oil Refining Co., 301 Pa. 417, 152 A. 672 (1930); Tierney v. Indian Ridge Coal & Coke Co., 256 Pa. 340, 100 A. 814 (1917); Machen v. Machen & Mayer Electrical Mfg. Co., 237 Pa. 212, 85 A.

100 (1912); Kinney v. Mexican Plantation Co., 233 Pa. 232, 82 A. 93 (1911). However, it is equally well settled that an action to compel the inspection of a foreign corporation's books and records for a proper purpose does not offend this general rule, at least *where such books are within the jurisdiction of the court*. Nevertheless, it has been consistently held in Pennsylvania that unless the books and records sought to be inspected are located in Pennsylvania, the general rule applies and a Pennsylvania Court will decline to exercise jurisdiction. For example, in Kahn v. Cone & Pretzel Co., 365 Pa. 161, 74 A.2d 160 *supra*, a shareholder of a foreign corporation registered to do business in Pennsylvania brought a suit in mandamus to compel disclosure of the company's stockholders. The stockholder wanted the list to form a protective committee of preferred stockholders to act in the interest of his investment. While noting the general rule that a court will not interfere with the internal affairs of a foreign corporation, the Pennsylvania Supreme Court held that in this situation where the books and records were within the state, the corporation maintained its principal office in Pennsylvania and carried on substantial business there, and the defendant directors were Pennsylvania residents, the granting of the right to inspect the records did not offend that rule. And in Conerty v. Butler County Oil Refining Co., *supra*, the court held that a foreign corporation registered and doing business in Pennsylvania, where most of its assets were located, was subject to an order of mandamus compelling it to permit a stock-

---

1. Defendant maintains that it is not subject to personal jurisdiction within the Middle District of Pennsylvania. However, at the March 19th hearing, it was shown that Victory is selling wholesale groceries to its wholly owned subsidiary, Genetti Supermarket, Inc. of East Stroudsburg, Pennsylvania, in the amount of approximately $100,000 a month since December, 1972. This substantial activity clearly establishes that Victory is "doing business" within the State of

Pennsylvania. *See* 15 Pa.Stat.Ann. § 2011 subd. C; Gorso v. Bell Equipment Corp., 476 F.2d 1216 (3d Cir. 1973); Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A.2d 505 (1967).

Moreover, in view of the position the court takes in this matter, it will be unnecessary to decide whether service of process has been properly made on defendant or whether plaintiffs are barred by laches from enforcing their rights.

holder to inspect its books and records *which were in Pennsylvania.* Similarly, in every Pennsylvania case granting shareholders the right to inspect a foreign corporation's records, the records were located within the jurisdiction of the court. See Donna v. Abbotts Dairies, Inc., 399 Pa. 497, 161 A.2d 13 *supra*; Tierney v. Indian Ridge Coal & Coke Co., 256 Pa. 340, 100 A. 814 (1917); Machen v. Machen & Mayer Electrical Mfg. Co., 237 Pa. 212, 85 A. 100 *supra.*

 Applying the principles of the above cases to the facts of this case, it is apparent that plaintiffs cannot prevail. Victory is not registered to do business in Pennsylvania; it does not maintain an office in Pennsylvania; none of its directors or officers are residents of Pennsylvania; and most importantly, its books and records are maintained at Victory's principal place of business at Norwich, New York. Under these circumstances, this court, sitting as a Pennsylvania court for diversity purposes, will not exercise its properly invoked jurisdiction.

Defendant attempts to escape this result by arguing that § 313 of the Restatement (Second) Conflict of Laws (1971) would allow a Pennsylvania court to entertain this suit. That section provides: "A court will exercise jurisdiction over an action involving the internal affairs of a foreign corporation unless it is an inappropriate or an inconvenient forum for the trial of the action." Plaintiffs argue that while no Pennsylvania case has had occasion to apply this section, recent Pennsylvania Supreme Court decisions leave little doubt that if faced with the situation it would adopt § 313. Cf. Cipolla v. Shaposka, 439 Pa. 563, 267 A.2d 854 (1970); Griffith v. United Airlines, 416 Pa. 1, 203 A.2d 796 (1964). However, even under § 313 of the Restatement (Second), a court will decline jurisdiction if it finds "it is an inappropriate or an inconvenient forum for the trial of the action." Comment (c) to § 313, which deals with the factors to be considered in deciding whether a forum is inappropriate or inconvenient, addresses the specific issue involved here. The statement is made there that "a court will usually entertain an action by a shareholder to compel the officers of a foreign corporation to allow him to inspect such of its books or properties *as are within the state.*" (emphasis supplied) Thus, whether we apply the law as announced by the Pennsylvania courts or the Restatement (Second), the result is the same—the court will decline to exercise jurisdiction. An appropriate order will be entered.