IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Application by Nonprofit     :
Corporation Trustees to Compel      :
Inspection of Corporate Information  :
                                    :   No. 721 C.D. 2016
Appeal of: Edward B. Brown,         :   Argued: December 15, 2016
III, Barbara L. Doran, Robert C.    :
Jubelirer, Anthony P. Lubrano,      :
Ryan J. McCombie, William F.        :
Oldsey and Alice W. Pope            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge


OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: March 13, 2017

        Edward B. Brown, III, Barbara L. Doran, Robert C. Jubelirer, Anthony P. Lubrano, Ryan J. McCombie, William F. Oldsey, and Alice W. Pope (collectively, Trustees) serve on the Board of Trustees of The Pennsylvania State University (University). They have appealed an order of the Court of Common Pleas of Centre County (trial court) that denied their request for reimbursement of the attorneys' fees and costs they incurred to compel the University to permit their inspection of corporate records. The trial court denied their request for attorneys' fees because it concluded that the University did not act in a dilatory, obdurate or vexatious manner in its defense of Trustees' petition to compel. The trial court also concluded that the University's corporate charter did not authorize reimbursement of Trustees' legal expenses. Trustees contend that the trial court erred because the Pennsylvania Nonprofit Corporation Law of 1988 (Nonprofit

Corporation Law)[1] authorizes a fee award where a director is successful in a petition to compel, as do the University's charter and bylaws. We reverse the trial court.

## Background

Trustees have been elected by the alumni to serve on the University's Board of Trustees, and they receive no compensation for this service. In July of 2012, Louis Freeh, by Freeh Sporkin & Sullivan, LLP and Freeh Group International Solutions, LLC, released a "Report of the Special Investigative Counsel Regarding the Actions of the University Related to the Child Sexual Abuse Committed by Gerald A. Sandusky" (the Freeh Report). The University's Board of Trustees accepted the Freeh Report it had commissioned and announced that it would implement the recommendations in the report.

After their election to the Board, Trustees requested access to the materials that had been collected for and generated during Freeh's investigation (Freeh Source Materials). When the requested materials were not produced, Trustees sent a letter to Keith E. Masser, Chairman of the Board of Trustees, and to Eric J. Barron, President of the University, requesting access to the Freeh Source Materials. By letter of April 17, 2015, the Chairman and President, by their counsel, responded that Trustees did not have a right or duty to review the Freeh Source Materials because they were not relevant to any matter pending before the Board. In support, this letter noted that in October 2014, the Board rejected Trustees' proposed resolution to allow all Board members access to the Freeh

---

[1] 15 Pa. C.S. §§5101-5997.

2

Source Materials. Instead, on October 28, 2014, the Board adopted a resolution that a reevaluation of the Freeh Report was not in the University's interest.

On April 20, 2015, Trustees filed a petition against the University to compel the production of the Freeh Source Materials. Section 5512(b) of the Nonprofit Corporation Law, 15 Pa. C.S. §5512(b), authorizes a director of a corporation to compel the corporation to produce corporate records.[2] Trustees' petition was filed under authority of Section 5512(a) of the Nonprofit Corporation Law, which states as follows:

> (a) General rule.--*To the extent reasonably related to the performance of the duties of the director*, including those arising from service as a member of a committee of the board of directors, *a director of a nonprofit corporation is entitled*:
>
> > (1) in person or by any attorney or other agent, *at any reasonable time, to inspect and copy corporate books, records and documents* and, in addition, to inspect, and receive information regarding, the assets, liabilities and operations of the corporation and any subsidiaries of the corporation incorporated or otherwise organized or created under the laws of this Commonwealth that are controlled directly or indirectly by the corporation; and
> >
> > (2) to demand that the corporation exercise whatever rights it may have to obtain information regarding any other subsidiaries of the corporation.

15 Pa. C.S. §5512(a) (emphasis added). Noting that the Freeh Report prompted sanctions by the National Collegiate Athletic Association and was the subject of several ongoing litigation matters, the petition to compel asserted that the

---

[2] The text of Section 5512(b) is set forth in this opinion, *infra.*

requested materials were "reasonably related" to the performance of Trustees' ongoing duties.

The University opposed the petition to compel. It asserted that the Freeh Source Materials were not reasonably related to the performance of Trustees' duties. The University also alleged that Trustees were likely to use the Freeh Source Materials in a way that would violate their fiduciary duty to the University. Answer to Petition, ¶2. Finally, the University alleged that it had "promised the interviewees that their identities would be kept confidential and their statements would be shielded by the University's attorney-client privilege." Answer to Petition, ¶32.

Seven months later, on November 19, 2015, the trial court granted Trustees' petition to compel. The trial court based its ruling, in significant part, upon our Supreme Court's decision in *Machen v. Machen & Mayer Electrical Manufacturing Company*, 85 A. 100 (Pa. 1912), which held that the majority of a board of directors cannot deprive minority directors access to corporate information. The trial court observed that "the right of a director to inspect corporate information [is] unqualified." Trial Court op., 11/19/2015, at 3. The trial court also relied on *Strassburger v. Philadelphia Record Company*, 6 A.2d 922 (Pa. 1939). In *Strassburger*, the Supreme Court concluded that it is the judgment of the director that determines whether corporate information would "enable him to perform his duties to the corporation." *Id.* at 924. The trial court construed Section 5512(a) of the Nonprofit Corporation Law to embody the principles of *Machen* and *Strassburger* and, thus, placed the burden upon the corporation to demonstrate that the access demanded by a corporation's director is

4

not "reasonably related" to the director's duties. The trial court concluded that the University did not meet this burden.

First, the trial court rejected the University's argument that the two resolutions considered in October 2014 proved that the requested documents were not reasonably related to ongoing University business. Rather, the vote on the two resolutions demonstrated only that the Board did not agree on how to handle the matters generated by the Freeh Report. Under *Machen*, however, the majority cannot deny minority directors the right to decide what corporate records they need to fulfill their duties. Likewise, the trial court rejected the University's argument that a director does not have a right and duty to oversee litigation matters; litigation falls within the category of the "assets, liabilities and operations of the corporation" that a director is charged to manage. 15 Pa. C.S. §5512(a)(1). Finally, the trial court rejected the University's argument that Trustees were likely to misuse the records. The trial court found no evidence to support this claim, noting that Trustees had agreed to maintain confidentiality. Nor did the evidence support the University's claim that the individuals who had been interviewed by Freeh had been promised confidentiality prior to their interview by the Freeh investigators.

The trial court's November 19, 2015, order granted Trustees' petition to compel the University to give them access to the Freeh Source Materials. Its order included a provision that Trustees could discuss information marked confidential or privileged only in executive sessions of the Board or in communications with the University's legal counsel. The trial court denied Trustees' request for attorneys' fees and ordered the parties to pay their own counsel fees and costs.

5

Trustees filed a motion for reconsideration of that part of the trial court's order denying their request for attorney's fees. Trustees argued that Section 5512(b) and (c) of the Nonprofit Corporation Law entitled them to attorneys' fees. Section 5512 states, in relevant part, as follows:

> (b) Proceedings for the enforcement of inspection by a director.--If the corporation, or an officer or agent thereof, refuses to permit an inspection or obtain or provide information sought by a director or attorney or other agent acting for the director pursuant to subsection (a) or does not reply to the request within two business days after the request has been made, *the director may apply to the court for an order to compel the inspection or the obtaining or providing of the information.* The court shall summarily order the corporation to permit the requested inspection or to obtain the information unless the corporation establishes that the information to be obtained by the exercise of the right is not reasonably related to the performance of the duties of the director or that the director or the attorney or agent of the director is likely to use the information in a manner that would violate the duty of the director to the corporation. The order of the court may contain provisions protecting the corporation from undue burden or expense and prohibiting the director from using the information in a manner that would violate the duty of the director to the corporation.
>
> (c) Cross references.--*See* sections 107 (relating to form of records), 5508 (relating to corporate records; inspection by members) and *42 Pa.C.S. §2503(7) (relating to right of participants to receive counsel fees).*

15 Pa. C.S. §5512(b), (c) (emphasis added). Trustees argued that the cross-reference to counsel fees authorized by Section 2503(7) of the Judicial Code, 42 Pa. C.S. §2503(7), signals that a corporation should expect to shoulder the director's cost of having to pursue a petition to compel the production of documents. Trustees also argued that the University's vigorous, and losing,

6

defense turned a simple summary proceeding over the production of corporate records into an unnecessarily protracted proceeding. This dilatory and obdurate conduct, Trustees contended, entitled them to be reimbursed for their attorneys' fees, as did the University's charter and bylaws.

The University responded that its defense was not dilatory, obdurate or vexatious. It noted that Trustees refused the University's offer to provide them the Freeh Source Materials in redacted form, and they refused the terms of the University's proposed confidentiality agreement.[3] Because the trial court restricted Trustees' use of the Freeh Source Materials, the University argued that the trial court found the University's concerns about Trustees' use of the materials to be legitimate.

On December 21, 2015, the trial court granted Trustees' request for reconsideration. Thereafter, on April 4, 2016, the trial court again denied Trustees' request for attorneys' fees. It held that although the University's defenses were unsuccessful, the University did not lodge these defenses "for the purpose of causing annoyance." Trial Court op., 4/4/2016, at 3. Trustees have appealed the trial court's denial of their request for attorneys' fees and costs.

On appeal,[4] Trustees raise three issues, which have been reordered for purposes of our disposition. First, Trustees contend that they are entitled to attorneys' fees under the University's corporate charter and bylaws. Second, they

---

[3] Trustees responded that the University's proposal was unacceptable because it required Trustees to travel to the Philadelphia office of the University's law firm and did not permit them to copy certain documents or even to make notes on the content of the documents.

[4] "The standard of review when the trial court refuses to grant counsel fees is that the reasonableness of the refusal is a matter which rests within the sound discretion of the trial court and will be reversed only when there is a clear abuse of discretion." *Township of Lower Merion v. QED, Inc.,* 762 A.2d 779, 781 (Pa. Cmwlth. 2000).

7

assert that they are entitled to attorneys' fees under Section 5512(c) of the Nonprofit Corporation Law, 15 Pa. C.S. §5512(c).[5] Third, they contend that they are entitled to attorneys' fees under Section 2503(7) of the Judicial Code[6] because the University unnecessarily prolonged what should have been a brief and summary proceeding. The gravamen of Trustees' appeal is that they should not have been required to file litigation to obtain corporate records to which they were entitled as corporate directors, let alone required to shoulder the expenses of that litigation.

We address, first, Trustees' contention that the University's charter and bylaws require that they be reimbursed for the expenses they incurred in their petition to compel. The University responds that the charter provides reimbursement to trustees for travel, not for initiating a lawsuit against the

---

[5] Trustees argue that Section 5512 of the Nonprofit Corporation Law entitles a director to legal fees if he is forced to bring a legal proceeding to obtain access to corporate records to which he has a statutory right. Section 1512 of the Business Corporation Law of 1988, 15 Pa. C.S. §1512, which applies to "domestic" corporations, is identical to Section 5512. The comment to Section 1512 states:

> The cross reference in subsection (c) to 42 Pa. C.S. §2503(7) is a reminder that *denial by a corporation of a director's right to information may justify awarding counsel fees* to the director if it is necessary to seek an order of court compelling inspection.

15 Pa. C.S. §1512, Committee Comment (2001) (emphasis added).

[6] Section 2503(7) states:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> * * *
>
> (7)   Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa. C.S. §2503(7).

8

corporation they serve. The University contends, likewise, that the bylaws provide for indemnification only where the trustees are defendants in litigation arising from their service on the Board.

The Corporate Charter of The Pennsylvania State University (Corporate Charter) sets forth the terms of service by all University trustees.[7] Regarding compensation of trustees, it states, in relevant part, as follows:

> Members of the Board of Trustees serve as volunteers and shall not be compensated for their services. Trustees may be reimbursed upon request for transportation *and other direct expenses while engaged in the discharge of their official duties*, in accordance with the University's travel reimbursement policies in effect from time to time.

CORPORATE CHARTER at C-6 (emphasis added). The trial court concluded that because the Corporate Charter specifies that reimbursement will be made in accordance with the University's travel reimbursement policies, the Corporate Charter does not authorize reimbursement for litigation expenses incurred by a trustee.

Trustees argue that they incurred legal expenses "while engaged in the discharge of their official duties." These legal expenses constitute a type of "other direct expense" that "may be reimbursed," in addition to "transportation expenses." *Id.* Reimbursement is done "in accordance with the University's travel reimbursement policies," which the University may change "from time to time." *Id.* Trustees argue that this reference simply identifies the process to be used when seeking reimbursement and is not intended to have substantive import. The

_____

[7] The Corporate Charter is available online at https://trustees.psu.edu/charter.html (last visited March 9, 2017).

9

University responds that the phrase "travel reimbursement policy" limits the type of "other direct expenses" that may be reimbursed under the Corporate Charter.

We reject the trial court's reading of the Corporate Charter. If the Corporate Charter limits a trustee's reimbursement to travel expenses alone, then the phrase "other direct expenses while engaged in the discharge of their official duties" is surplusage and has no meaning. The travel policy, which changes from time to time at the pleasure of the University's management, is not dispositive. Indeed, a policy adopted by the corporation's management cannot be used to defeat the terms of a corporate charter. Trustees are volunteers, but they are not expected to personally fund their expenses in providing their services. Otherwise, only persons of financial means would be able to serve as trustees. In short, the reference to the University's travel policies does not limit the substantive right of a trustee to reimbursement for expenses incurred "while engaged in the discharge of [his] official duties." CORPORATE CHARTER at C-6.

The Corporate Charter authorizes the Board to adopt bylaws "as the good government of the institution shall require."[8] CORPORATE CHARTER at C-7. The Board adopted a bylaw to provide for reimbursement of a trustee's litigation expenses. Article IV of the Amended and Restated Bylaws of the Pennsylvania State University (University Bylaws) states, in relevant part, as follows:

---

[8] The Corporate Charter states as follows:

> The Board shall have power to pass all such bylaws, ordinances, and rules as the good government of the institution shall require, and therein to prescribe what shall be taught to the pupils, and generally to do and perform all such administrative acts as are usually performed by and within the appropriate duty of a Board of Trustees, and shall, by a Secretary of their appointment, keep a minute of the proceedings and action of the Board.

CORPORATE CHARTER at C-7.

(a)   Right to Indemnification.

(i)   As used herein, *the word "Action" shall mean any action, suit or proceeding, administrative, investigative or other, (i) to which such person is a party* (other than an action by the University) or (ii) in connection with which such person is not a party but is a witness, subject to investigation or otherwise involved, in either case by reason of such person being or having been a Trustee or officer of the University or by reason of such person serving or having served at the request of the University as a director, officer, employee, fiduciary or other representative of another corporation, partnership, joint venture, trust, employee benefit plan or other entity.

(ii)  Except as prohibited by law, each Trustee and officer of the University shall be entitled as of right to be indemnified by the University against expenses and any liability paid or incurred by such person (i) in the defense of any Action to which such person is a party *or* (ii) *in connection with any other Action*.

\* \* \*

(iv) As used in this Section, "indemnitee" shall include each Trustee and each officer of the University and each other person designated by the Board of Trustees as entitled to the benefits of this Section; "liability" shall include amounts of judgments, excise taxes, fines, penalties and amounts paid in settlement; *and "expenses" shall include fees and expenses of counsel incurred by the indemnitee only (i) if the University has not at its expense assumed the defense of the Action on behalf of the indemnitee with reputable and experienced counsel selected by the University,* or (ii) if it shall have been determined pursuant to Section (c) hereof that the indemnitee was entitled

11

> to indemnification for expenses in respect of an
> Action brought under that Section.

UNIVERSITY BYLAWS, Section 4.02(a) (emphasis added).[9]  Trustees contend that this bylaw also entitles them to reimbursement of their "fees and expenses of counsel." We agree.

The bylaws of "a non-profit corporation, establish rules of internal governance that are construed according to their plain meaning within the context of the document as a whole." *Purcell v. Milton Hershey School Alumni Association*, 884 A.2d 372, 379 n.10 (Pa. Cmwlth. 2005).  We have explained that

> [w]hen construing corporate ... bylaws, this Court must use the same rules applicable to the interpretation of statutes, contracts and other written instruments ... (Citation omitted.)[.]  If the bylaw is unambiguous, then [it] is to be construed as it is written and the language is given the force and effect required since the Court does need to interpret it or look to the parties' intent.

*Id.* (citation omitted).

Here, the applicable bylaw states that a trustee "shall be entitled as of right to be indemnified by the University against expenses … paid or incurred by such person … in connection with any other Action." UNIVERSITY BYLAWS, Section 4.02(a)(ii).  An "action" is defined in the bylaws as any proceeding to which a trustee is a party. *Id.* at Section 4.02(a)(i).  Indemnification is not limited, as the University contends, to those "actions" where the trustee is a defendant.

Pennsylvania law authorizes a corporate director to inspect and copy "corporate books, records and documents and, in addition, to inspect, and receive

---

[9] A copy of the University Bylaws can be viewed at: https://trustees.psu.edu/charter.html (last visited March 9, 2017).

information regarding, the assets, liabilities and operations of the corporation and any subsidiaries of the corporation." 15 Pa. C.S. §5512(a)(1). When the University denied Trustees access to the corporate records they requested, their only recourse was to file a petition to compel under Section 5512(b) of the Nonprofit Corporation Law. Trustees prevailed in this proceeding. Given these circumstances, the University's bylaws entitle the Trustees to indemnification.

The University relies upon President Barron's statement that "the Bylaws do not require the University to pay for lawsuits against it, including frivolous and damaging lawsuits." President Barron's opinion cannot trump the words of the bylaws. In any case, the President's statement has no application because Trustees' petition to compel was not frivolous. Indeed, they prevailed.

For these reasons, we reverse the trial court's order and remand this case to the trial court for a calculation of attorneys' fees and costs Trustees incurred in litigating the petition to compel and this appeal. Trustees are entitled to reimbursement of those fees and costs they incurred in litigating this matter.[10]

_____
MARY HANNAH LEAVITT, President Judge


Judge Cohn Jubelirer and Judge Covey did not participate in the decision in this case.

---

[10] Because this Court has determined that Trustees are entitled to indemnification for their legal fees and costs under the University's bylaws, we need not address Trustees' remaining arguments.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Application by Nonprofit    :
Corporation Trustees to Compel    :
Inspection of Corporate Information    :
    :   No. 721 C.D. 2016
Appeal of: Edward B. Brown,    :
III, Barbara L. Doran, Robert C.    :
Jubelirer, Anthony P. Lubrano,    :
Ryan J. McCombie, William F.    :
Oldsey and Alice W. Pope    :

## **O R D E R**

AND NOW, this 13th day of March, 2017, the order of the Court of Common Pleas of Centre County dated April 4, 2016, in the above-captioned matter is REVERSED and the case is REMANDED for calculation of an award of attorneys' fees and costs Appellants incurred in litigating the underlying matter and this appeal.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Application by Nonprofit : 
Corporation Trustees to Compel : 
Inspection of Corporate Information : 
                     :  No.  721 C.D. 2016
                     :
Appeal of:  Edward B. Brown, III, :  Argued:  December 15, 2016
Barbara L. Doran, Robert C. Jubelirer, :
Anthony P. Lubrano, Ryan J. :
McCombie, William F. Oldsey and :
Alice W. Pope :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge


CONCURRING AND DISSENTING
OPINION BY JUDGE McCULLOUGH           FILED:  March 13, 2017


        I agree with the thoughtful Majority's conclusion that the Trustees are to be reimbursed for the counsel fees and costs they incurred in the underlying litigation, pursuant to Article IV of the Amended and Restated Bylaws of the Pennsylvania State University (University Bylaws).  The provisions of Article IV are clear on this point.  However, because we have disposed of the merits of the case on this issue, I  underscore that we have not reached a determination that the University engaged in dilatory, obdurate or vexatious conduct so as to support a claim for counsel fees pursuant to section 2503(7) of the Judicial Code, 42 Pa.C.S. §2503(7).[1]

---

[1] The Majority does not reach this issue.

I do not agree, however, and therefore dissent, to the Majority's conclusion that section C-6 of the Corporate Charter of The Pennsylvania State University (Corporate Charter) provides an additional basis for recovery of counsel fees for the Trustees. To the contrary, I believe that the Charter is silent on this issue.

Conversely, Article 4.02(a)(iv) of the University Bylaws expressly includes counsel fees within the definition of "expenses" that are reimbursable pursuant to the University Bylaws. Given that the Trustees right to relief is clear under the University Bylaws, there is no need to read out words of limitation in the Corporate Charter to provide an additional basis for recovery, and I therefore must respectfully dissent from that portion of the Majority's opinion.

_____
PATRICIA A. McCULLOUGH, Judge

PAM - 2