# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Serota,  :
               Appellant  :
   :
          v.  :   No. 1451 C.D. 2017
   :   Argued: October 15, 2018
London-Towne Homeowners  :
Association  :

**BEFORE:**    **HONORABLE MARY HANNAH LEAVITT,** President Judge
                   **HONORABLE RENÉE COHN JUBELIRER**, Judge
                   **HONORABLE ELLEN CEISLER,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**          **FILED: November 16, 2018**

Matthew Serota (Serota) appeals from the Order of the Court of Common Pleas of Allegheny County (common pleas) that denied his Motion to Assess Damages for the Sum of Attorney's Fees and Court Costs (Motion). The Motion sought the payment of approximately $48,000 in attorneys' fees and costs. Serota incurred these fees in initiating, litigating, and defending on appeal a declaratory judgment action he had filed against London-Towne Homeowners Association (Association) that was resolved in his favor by common pleas and, ultimately, this Court. *Serota v. London-Towne Homeowners Ass'n.* (Pa. Cmwlth., No. 2073 C.D. 2016, filed Apr. 27, 2017) (*Serota I*). On appeal, Serota argues common pleas abused its discretion in denying the Motion because, as the prevailing party in

*Serota I*, he is entitled to attorneys' fees and court costs under any, or all, of the following: the Bylaws of London-Towne Homeowners Association (Bylaws); Section 5108 of the Uniform Planned Community Act[1] (Planned Community Act) (related to the ongoing application of common law and equity unless inconsistent with the act) and the common law; Section 5503(a)(1) of the Nonprofit Corporation Law of 1988[2] (Nonprofit Law) (authorizing members to bring actions against a nonprofit corporation to enjoin or prevent the corporation from, *inter alia*, engaging in unauthorized acts); or Section 5412 of the Planned Community Act and the associated Uniform Law Comment (allowing persons who are adversely affected by the violation of the act, a declaration, or the bylaws of a planned community, to have a claim for appropriate relief, and indicating, in the Uniform Law Comment, that a discretionary award of attorneys' fees to the prevailing party may be permitted).[3] Because, under these circumstances, none of these provisions require an award of attorneys' fees, contrary to Serota's contention, there was no abuse of discretion in common pleas' denying the Motion.

## I. Background

In *Serota I*, this Court detailed the facts of the underlying civil action upon which the Motion is based, the relevant facts of which are summarized as follows.[4] The London-Towne Plan of Lots (Community) is a planned community of 70

---

[1] 68 Pa. C.S. § 5108.

[2] 15 Pa. C.S. § 5503(a)(1).

[3] 68 Pa. C.S. § 5412. Section 5412 was amended by Section 8 of the Act of May 4, 2018, P.L. 96, effective in 60 days (July 3, 2018).

[4] These facts are derived from *Serota I* unless otherwise indicated.

townhomes, of which Serota owned 12.[5]  Under the original Declaration of Covenants, Conditions, and Restrictions (Declaration), which, per its terms, runs with the land and could be amended only in certain ways, each unit/lot was entitled to one vote, *i.e.*, an owner could have more than one vote if he owned more than one unit.  In 1998, Association adopted the Bylaws, which provide, *inter alia*, that Association would be governed by the requirements of Section 5306 of the Planned Community Act, 68 Pa. C.S. § 5306, as well as the Nonprofit Law.  The Bylaws also contained a one-unit, one-vote provision and a provision related to the requirements for amending the Declaration.  The Bylaws also contain a provision for the award of attorneys' fees to a prevailing party "[i]n any proceeding arising out of an alleged default by a Unit Owner."  (Section 6.1.2 of the Bylaws, Reproduced Record (R.R.) at 48a.)  Between August and October 2014, Association members, without the permission of Serota and another unit owner, sought to amend the Declaration to change the 1 vote per unit provision to a provision allowing only 1 vote per owner, thereby reducing Serota's votes from 12 out of 70 to 1 out of 59.  On October 14, 2017, Association recorded the amendment with the Allegheny County Department of Real Estate.  Without advising Serota of the amendment's recording, Association refused to record more than one vote from Serota at its next meeting.

Serota filed a civil complaint asserting the amendment was invalid for multiple reasons, including violating the amendment procedures of the Declaration and Bylaws, as well as various provisions of the Planned Community Act and the Nonprofit Law by diminishing Serota's property and contractual rights without his

---

[5] Serota now owns 18 units in the Community.  (Motion ¶ 1, Reproduced Record (R.R.) at 594a.)

consent. Serota sought: a declaration that the amendment was invalid and that he was entitled to one vote for each unit he owned; injunctive relief to prevent Association from enforcing the amendment and requiring the amendment to be removed from the books and records; and an award of costs, attorneys' fees, and such additional relief deemed appropriate by the Court. (Complaint, Wherefore Clause, R.R. at 16a-17a.) Association filed an Answer, which set forth legal support for its actions in amending the Declaration and an explanation on why Serota's claims were without merit.

Serota filed a motion for partial judgment on the pleadings, which, after oral argument, common pleas granted.[6] Common pleas entered judgment in Serota's favor and directed Association to remove the amendment from the books and records. Common pleas did not rule on Serota's request for costs and attorneys' fees. Association appealed common pleas' order, which this Court affirmed in *Serota I*. Thereafter, Serota filed with this Court an application for further costs pursuant to Rules 2744 and 2751 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744, 2751, seeking more than $18,000 in attorneys' fees on the basis that Association's appeal was frivolous, dilatory, obdurate, and vexatious. *See Serota v. London-Towne Homeowners Ass'n.* (Pa. Cmwlth., No. 2073 C.D. 2016, filed June 9, 2017), slip op. at 1. This Court denied the application for further costs concluding that Serota had not satisfied the high standard required by Rule 2744 for the imposition of attorneys' fees. This Court subsequently granted

---

[6] Association had filed counterclaims against Serota related to his actions as Association President, to which Serota had filed an answer and new matter. These counterclaims were eventually discontinued without prejudice by Association to allow common pleas' order granting Serota's motion for partial judgment on the pleadings to become a final, appealable order.

Serota's request for expedited remand of the record to common pleas on June 27, 2017.

## II. Current Matter

Serota filed the current Motion with common pleas on June 30, 2017, asserting that, as the prevailing party in *Serota I*, he was entitled to attorneys' fees and court costs. (Motion ¶¶ 2, 6, R.R. at 594a-95a.) Serota asserted the attorneys' fees and costs were his actual damages incurred as a direct result of Association's improper actions, which he had requested in the original complaint against Association. (*Id.* ¶¶ 3, 10, R.R. at 595a-96a.) According to Serota, he was entitled to these fees and costs pursuant to contract, Section 6.1.2 of the Bylaws, because this section "expressly contemplates that as between the Association and any Unit Owner, the prevailing party shall be entitled to recover the prevailing party's costs of litigation and such reasonable attorney's fees as may be determined by the court." (*Id.* ¶ 29, R.R. at 600a.) He further asserted he was entitled to attorneys' fees and court costs pursuant to statute: Section 5412 of the Planned Community Act, 68 Pa. C.S. § 5412 and the associated Uniform Law Comment; and Section 5503(a)(1) of the Nonprofit Law, 15 Pa. C.S. § 5503(a)(1). Additionally, Serota claimed that, pursuant to Section 5108 of the Planned Community Act, 68 Pa. C.S. § 5108, common law rights to attorneys' fees should be awarded under this Court's decision in *In re Application of Nonprofit Corporate Trustees to Compel Inspection of Corporate Documents*, 157 A.3d 994 (Pa. Cmwlth. 2017) (*Penn State Trustees*), because, like the trustees in that case, he was forced to compel Association, a nonprofit corporation, to comply with the Nonprofit Law.

Association filed a Motion to Strike Serota's Motion (Motion to Strike), asserting it was untimely, should have been filed prior to the appeal in *Serota I*, and was foreclosed by this Court's unappealed denial of fees under Pa.R.A.P. 2744. Association also filed an answer in opposition to Serota's Motion, acknowledging that Serota was the prevailing party in *Serota I*, but challenging Serota's claim that he was entitled to attorneys' fees. Association argued neither the Bylaws nor the statutory language cited by Serota require the imposition of attorneys' fees under the circumstances or otherwise give Serota an absolute entitlement to attorneys' fees. Additionally, it asserted *Penn State Trustees* did not support Serota's argument because, unlike here, the nonprofit corporation's bylaws in that case provided for the payment of attorneys' fees. 157 A.3d at 1002. Association maintained that it believed in good faith that the amendment to the Declaration was proper, legal, and permissible under the Bylaws and, therefore, attorneys' fees were not warranted in this case.[7]

Common pleas heard oral argument on Association's Motion to Strike and Serota's Motion. Association reiterated its arguments that the Motion was untimely, to which Serota responded that it was not until after the appeal was final that he was a "prevailing party" who could seek an award of attorneys' fees. Serota also noted that the attorneys' fees sought before the Commonwealth Court were solely for the appeal, and the Motion sought payment of all of his attorneys' fees. On Serota's Motion, Serota argued the general rule that parties should bear their own attorneys' fees and costs was inapplicable here because, as set forth in his Motion, there were both contractual and statutory bases for his being awarded

---

[7] Serota filed an answer to Association's Motion to Strike and a reply to Association's answer to his Motion.

6

attorneys' fees. Association responded with the arguments set forth in its answer arguing that, while Section 5412 of the Planned Community Act and the Uniform Law Comment appeared to permit an award of attorneys' fees, it did not **mandate** an award. At the time of the hearing, Serota's attorneys' fees exceeded $48,000. While Association questioned the rate and the amount of time spent on certain tasks, it did not challenge that Serota paid those fees. (R.R. at 1253a-55a.)

Common pleas denied Serota's Motion and dismissed Association's Motion to Strike as moot. In its opinion, common pleas explained its decision as follows. Common pleas concluded that none of the exceptions to the general rule that parties to an action are responsible for their own attorneys' fees and costs applied here. (Common Pleas Opinion (Op.) at 2 (citing *Cresci Constr. Servs., Inc. v. Martin*, 64 A.3d 254 (Pa. Super. 2013)).) In rejecting Serota's argument that he was **entitled** to an award of attorneys' fees, common pleas held that none of the statutory provisions upon which Serota relied **mandated** an award of attorneys' fees. Section 5412 of the Planned Community Act did not reference the payment of attorneys' fees, and the associated Uniform Law Comment had not been discussed in any case law, was not binding on the court, and did not mention an entitlement to an award of fees.[8] (*Id.* at 2-3.) Serota did not explain how Section

---

[8] Common pleas observed that the Uniform Law Comment could be used for statutory construction purposes, but was not binding on the court. (Op. at 3.) This is consistent with Section 1939 of the Statutory Construction Act of 1972, which states:

> The comments or report of the commission, committee, association or other entity which drafted a statute may be consulted in the construction or application of the original provisions of the statute if such comments or report were published or otherwise generally available prior to the consideration of the statute by the General Assembly, but the text of the statute shall control in the event of conflict between its text and such comments or report.

**(Footnote continued on next page…)**

7

5108 of the Planned Community Act, which also contains no reference to attorneys' fees, entitled him to those fees. (*Id.* at 3.) Similarly, Section 5503(a)(1) of the Nonprofit Law made no mention of attorneys' fees in the statutory language, and Serota did not explain why this provision entitled him to attorneys' fees. (*Id.* at 3-4.) There was no contractual exception because the Bylaws did not support Serota's contention that he was entitled to attorneys' fees because his argument "ignore[d] Section 6.1 and most of the language of 6.1.2," stressing only the statement that "the prevailing party shall be entitled to . . . such reasonable attorney's fees as may be determined by the court." (*Id.* at 7 (quoting Section 6.1.2 of the Bylaws, R.R. at 48a).) This matter did not involve an "alleged default by a unit owner, but rather a unit owner[] seeking to enforce the terms of the Declaration." (*Id.*) Finally, there was no common law exception to the general rule because *Penn State Trustees* is distinguishable. The court in that case concluded that attorneys' fees could be recovered based on the nonprofit corporation's bylaws and did not address the trustees' statutory arguments. (*Id.* at 4-5 (citing *Penn State Trustees*, 157 A.3d at 1002 n.10).) Serota now appeals to this Court.

---

**(continued…)**
1 Pa. C.S. § 1939. The Planned Community "Act[, 68 Pa. C.S. §§ 5101-5114,] was modeled on the Uniform Planned Community Act, which was adopted by the National Conference of Commissioners on Uniform State Laws in 1980 . . . . Pennsylvania was the first jurisdiction to adopt a planned community act modeled on the Uniform Act." *Saw Creek Cmty. Ass'n, Inc. v. Cty. of Pike*, 866 A.2d 260, 263 n.9 (Pa. 2005). "[O]fficial comments are not law, [but] they may be given weight in the construction of the statute as they provide evidence of legislative intent." *Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.*, 90 A.3d 682, 691 n.11 (Pa. 2014); *see Young v. Kaye*, 279 A.2d 759, 765 n.3 (Pa. 1971) (stating "[i]t is settled in this Commonwealth that the official comments of a commission drafting legislation may be given weight in the construction of a statute").

8

## III.    Discussion

Serota argues, as he did before common pleas, that as the prevailing party in *Serota I*, he is entitled to an award of attorneys' fees[9] under the Bylaws, various provisions of the Planned Community Act and the Nonprofit Law, *Penn State Trustees*, and the common law because his attorneys' fees are the actual damages that were directly and foreseeably related to Association's negligence or breach of contract actions.  Before addressing each of Serota's claims, we set forth the general principles related to attorneys' fees in Pennsylvania and this Court's review of a decision on a request for attorneys' fees.

The general rule is that parties to an action are responsible for their own attorneys' fees and costs unless otherwise provided by agreement, statute, or recognized exception.  *Richard Allen Preparatory Charter Sch. v. Dep't of Educ.*, 161 A.3d 415, 428 (Pa. Cmwlth. 2017), *aff'd*, 185 A.3d 984 (Pa. 2018).  In Pennsylvania, this rule is embodied in Section 1726(a)(1) of the Judicial Code, 42 Pa. C.S. § 1726(a)(1), which provides that attorneys' fees are not an item of taxable costs except as permitted by Section 2503 of the Judicial Code, 42 Pa. C.S. § 2503 (relating to right of participants to receive counsel fees), which is not at issue here.  "The standard of review when the trial court refuses to grant counsel fees is that the reasonableness of the refusal is a matter which rests within the sound discretion of the trial court and will be reversed only when there is a clear abuse of discretion." *Twp. of Lower Merion v. QED, Inc.*, 762 A.2d 779, 781 (Pa. Cmwlth. 2000).  "[A]n abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing

---

[9] Although the Motion references court costs, Serota's arguments on appeal focus on his entitlement to attorneys' fees.

9

of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Wagner v. Pa. Capitol Police Dep't*, 132 A.3d 1051, 1057 (Pa. Cmwlth. 2016) (quoting *Paden v. Baker Concrete Constr., Inc.*, 658 A.2d 341, 343 (Pa. 1995)).

### A. The Bylaws

Serota first argues[10] common pleas' interpretation of the Bylaws disregarded Section 6.1.3, which authorizes a unit owner to bring an action against a defaulting owner. Here, Serota contends, the members of Association's board are unit owners who defaulted on their contractual obligations to the other unit owners and, therefore, this matter falls squarely within Section 6.1.2. Moreover, he asserts, an interpretation allowing only Association to recover attorneys' fees under Section 6.1.2 would allow homeowner association boards to violate their controlling documents or the law with financial impunity, leaving planned community homeowners vulnerable to being forced to expend their own money to restore their rights without being able to recover those funds from the violating party, the association board.

Association responds[11] that Section 6.1.2 of the Bylaws does not apply to this situation because it is not a proceeding arising out of any alleged default of a

---

[10] We have rearranged Serota's arguments for ease of discussion.

[11] Additionally, Association argues in its brief that Serota's appeal should be dismissed under the doctrine of collateral estoppel because of this Court's June 9, 2017 order denying Serota's Motion for Further Costs. Association recognizes it raised this argument in a Motion to Quash Serota's appeal pursuant to Rule 1972(a)(7) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1972(a)(7), which was subject to argument before a single judge of this Court and was denied by Order dated January 23, 2018. Notwithstanding, it reiterates the arguments it previously made and, additionally, argues it was Serota's choice to seek attorneys' fees before this Court rather than seeking an immediate remand to common pleas and the filing **(Footnote continued on next page…)**

10

unit owner. Rather, it was a declaratory judgment action by a unit owner against Association seeking to invalidate Association's amendment to the Declaration, as Serota acknowledged during oral argument before common pleas. (R.R. at 1221a-25a.) Association asserts nothing else in the Bylaws supports Serota's contract-based claim for attorneys' fees.

The bylaws of "a non[]profit corporation[] establish rules of internal governance which, like contracts . . . , are construed according to their plain meaning within the context of the document as a whole." *Purcell v. Milton Hershey Sch. Alumni Ass'n*, 884 A.2d 372, 379 n.10 (Pa. Cmwlth. 2005). We have explained that

> [w]hen construing corporate . . . bylaws, this Court must use the same rules applicable to the interpretation of statutes, contracts and other written instruments . . . [.] If the bylaw is unambiguous, then [it] is to be construed as it is written and the language is given the force and effect required since the Court does need to interpret it or look to the parties' intent.

*Id.* (citation omitted). Article VI of the Bylaws addresses "Compliance and Default" and states, in pertinent part:

> 6.1. <u>Relief</u>. Each Unit Owner shall be governed by, and shall comply with, all of the terms of the Declaration, these Bylaws, the Rules and Regulations and the [Planned Community] Act, as any of the same may be amended from time to time. In addition to the remedies provided in the [Planned Community] Act and the Declaration, a

---

**(continued…)**
of the Motion. Association requests these arguments be reconsidered, Serota's appeal be dismissed, and common pleas' Order affirmed. Serota asserts Association did not seek reconsideration of the January 23, 2018 order denying its Motion to Quash and is improperly seeking reconsideration now. This Court has already rejected Association's request to dismiss Serota's appeal on this ground and will not revisit that decision.

default by a Unit Owner shall entitle the Association, acting through its Executive Board, to the following relief.

. . . .

6.1.2. <u>Costs and Attorney's Fees</u>. In any proceeding arising out of any alleged default by a Unit Owner, the prevailing party shall be entitled to recover the costs of such proceeding and such reasonable attorney's fees as may be determined by the court.

(R.R. at 48a.) Section 6.1.2 of the Bylaws does authorize the payment of attorneys' fees to a prevailing party under certain situations, specifically "[i]n any proceeding arising out of any alleged default by a Unit Owner." (*Id.*) Serota reads this provision as meaning that in any action between a unit owner and Association, the prevailing party is entitled to recover reasonable attorneys' fees. However, as noted by common pleas, this interpretation does not give effect to the first part of the sentence, which requires that it be a "proceeding arising out of **any default by a Unit Owner**." (*Id.* (emphasis added).) This proceeding did not arise out of a default by a Unit Owner. Accordingly, this section does not support Serota's asserted entitlement to attorneys' fees under the Bylaws.

Alternatively, Serota contends that reading Section 6.1.2 of the Bylaws in conjunction with Section 6.1.3 of the Bylaws supports his entitlement to attorneys' fees. Section 6.1.3 of the Bylaws provides:

6.1.3. <u>No Waiver of Rights</u>. The failure of the Association, the Executive Board or of a Unit Owner to enforce any right, provision, covenant or condition which may be granted by the Declaration, these Bylaws, the Executive Board Rules and Regulations or the [Planned Community] Act shall not constitute a waiver of the right of the Association, the Executive Board or the Unit Owner to enforce such right, provision, covenant or condition in the future. All rights, remedies and privileges granted to the Association, the Executive Board or any Unit Owner pursuant to any term, provision, covenant or condition of the Declaration, these Bylaws, the Rules and Regulations or the [Planned Community] Act shall be deemed to be cumulative

12

and the exercise of any one or more thereof shall not be deemed to constitute an election of remedies, nor shall it preclude the party exercising the same from exercising such other privileges as may be granted to such party by the Declaration, these Bylaws, the Rules and Regulations or the Act or at law or in equity.

(*Id.*) Serota claims he is entitled to attorneys' fees because Section 6.1.3 of the Bylaws authorizes a unit owner to bring an action against other unit owners based on an alleged default by those unit owners, which is what he did in *Serota I* because that was an action filed by him against defaulting unit owners, Association's board members. However, *Serota I* was not an action against defaulting unit owners, but a declaratory judgment action against **Association** seeking declaratory and injunctive relief against **Association**. Reviewing the Bylaws' language, *Serota I* is not the type of proceeding contemplated by Section 6.1.2 as warranting an award of reasonable attorneys' fees. Thus, we agree with common pleas' interpretation of this section and not awarding attorneys' fees on this basis.

> **B.** *Section 5108 of the Planned Community Act, Penn State Trustees, and other Common Law Theories*

Serota next argues that common law remedies remain applicable to actions under the Planned Community Act pursuant to Section 5108 of that Act, 68 Pa. C.S. § 5108, and he is entitled to attorneys' fees under two common law theories. He maintains this Court's decision in *Penn State Trustees*, awarding attorneys' fees based on a nonprofit entity's violation of the Nonprofit Law, is applicable and supports an award here because, as in *Penn State Trustees*, the nonprofit corporation's (Association) bylaws authorize an award of attorneys' fees under these circumstances. (Serota's Reply Brief (Br.) at 16.) Alternatively, he asserts that, under common law, Association "is liable for the actual monetary damages to

13

. . . Serota, i.e., Serota's monetary losses, that were directly and foreseeably caused to [Serota] by [Association's] negligent breach of the duty to obey the law and <u>not</u> to default on complying with the provisions of its . . . Declaration and Bylaws." (Serota's Br. at 33 (emphasis in original).)   Serota argues it was reasonably foreseeable that he would have to file a legal action and "expend monies/suffer monetary losses in the form of attorney's fees and costs . . . to restore his lawful voting strength." (*Id.*)

Association responds that *Penn State Trustees* is distinguishable because the Bylaws do not support an award of attorneys' fees under these circumstances. Thus, it argues, the common law does not support Serota's claim for attorneys' fees.

> Section 5108 of the Planned Community Act provides:
>
> The principles of law and equity, including the law of corporations and unincorporated associations, the law of real property and the law relative to capacity to contract, principal and agent, eminent domain, estoppel, fraud, misrepresentation, duress, coercion, mistake, receivership, substantial performance, or other validating or invalidating cause supplement the provisions of this subpart, except to the extent inconsistent with this subpart.

68 Pa. C.S. § 5108.   The associated Uniform Law Comment, drafted by the National Conference of Commissioners on Uniform State Laws, states, in relevant part:

> **UNIFORM LAW COMMENT**
> . . . .
>
> 1.   This Act displaces existing law relating to planned communities and other law only as stated by specific sections and by reasonable implication therefrom.   Moreover, unless specifically displaced by this statute, common law rights are

14

> retained. The listing given in this section is merely an illustration: no listing could be exhaustive.
>
> . . . .

68 Pa. C.S. § 5108, Uniform Law Comment. Serota claims that, under this section and this Court's decision in *Penn State Trustees*, he is entitled to the award of attorneys' fees. However, common pleas correctly concluded that Serota's reliance on *Penn State Trustees* was misplaced. The bylaws in *Penn State Trustees* specifically directed the payment of attorneys' fees in the type of actions brought by board members in that case. 157 A.3d at 1002. Unlike the bylaws in *Penn State Trustees*, however, the Bylaws here, as discussed above, do not provide an award of attorneys' fees under these circumstances and, therefore, *Penn State Trustees* is inapplicable.

Serota's alternative argument for seeking attorneys' fees under the common law, that he is entitled to the payment of attorneys' fees because they represent his actual damages that are directly related to and the foreseeable result of Association's actions, is not persuasive. Attorneys' fees are not actual damages, and Serota does not cite any legal support for that proposition. Actual damages are "[a]n amount awarded to complainant to compensate for a **proven injury or loss**; damages that repay actual losses." Black's Law Dictionary 445 (9th ed. 2009) (emphasis added). For example, had Serota been required to sell several units for less based on the amendment to the Declaration, the difference between what he could have sold them for and what he did sell them for would be his actual damages. However, he does not assert these kinds of damages, and the fact that he included a request for attorneys' fees in the complaint does not transform those fees into a proven injury or loss resulting from Association's amendment of the Declaration. Pursuant to the general rule, parties to an action are responsible for

15

their own attorneys' fees and costs unless otherwise provided by agreement, statute, or recognized exception, *Richard Allen Preparatory Charter School*, 161 A.3d at 428, and Serota has not established a common law exception to this general rule.[12]

C. *Section 5412 of the Planned Community Act and Section 5503(a)(1) of the Nonprofit Law.*

Serota next asserts Section 5412 of the Planned Community Act and the Uniform Law Comment related thereto specifically provide him with the statutory right to bring the action in *Serota I* and for him to recover his attorneys' fees as the prevailing party. The right to bring such actions, he maintains, is further supported by Section 5503(a)(1) of the Nonprofit Law. Serota argues common pleas abused its discretion in refusing to follow the General Assembly's intent, reflected in the Uniform Law Comment, based on its belief that this comment was not binding and did not reference a **mandatory** award of attorneys' fees. Serota points out that "[a]lthough . . . official comments are not law, they may be given weight in the construction of the statute as they provide evidence of legislative intent." *Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.*, 90 A.3d 682, 692 n.11 (Pa. 2014). Here, he argues, because Section 5412 does not define "appropriate relief," it is ambiguous and the Court should consider the Uniform Law Comment as evidence of the intent that an award of attorneys' fees to the prevailing party is **required**.[13]

---

[12] In fact, if Serota's position was accepted, any party bringing an action to enforce his or her rights and who prevailed could claim attorney fees as damages, thereby obliterating the general rule.

[13] Serota also argues common pleas deprived him of his rights to equal protection under article I, section 26 of the Pennsylvania Constitution and Section 1 of the Fourteenth **(Footnote continued on next page…)**

16

Association argues Section 5412 of the Planned Community Act does not mandate an award of attorneys' fees and, although the Uniform Law Comment refers to an award of attorneys' fees, any such award is within the discretion of the court. It asserts that a discretionary award of fees is not warranted under this section. As for Serota's reference to Section 5503(a)(1) of the Nonprofit Law, Association points out this section does not mention attorneys' fees, although it does state that a trial court "may, . . . if it deems the result to be equitable," award "such compensation as may be appropriate" for the contract, 15 Pa. C.S. § 5503(a)(1), which could, perhaps, allow a discretionary award of attorneys' fees. But that language does not support a claim that an award of fees is required. Association maintains that, because there are no statutorily **required** reasons for awarding attorneys' fees, common pleas exercised its discretion in considering the Motion and did not abuse that discretion in denying the Motion.

At the time relevant to this matter, Section 5412 of the Planned Community Act stated:

> If a declarant or any other person subject to this subpart violates any provision of this subpart or any provisions of the declaration or bylaws, any person or class of persons adversely affected by the violation has a claim for appropriate relief. Punitive damages may be awarded in the case of a willful violation of the subpart.

---

**(continued…)**
Amendment to the United States Constitution as a result of its "selective non-enforcement" of Sections 5412 and/or 5108 of the Planned Community Act. (Serota's Br. at 32.) Serota's constitutional claims are based, essentially, on common pleas' interpretation of these provisions. If common pleas erred or abused its discretion in its interpretation, such legal error or abuse of discretion does not rise to the level of a constitutional violation, and Serota cites no legal authority to support his claim that it does.

17

68 Pa. C.S. § 5412. The Uniform Law Comment relied upon by Serota was drafted by the National Conference of Commissioners on Uniform State Laws and states:

**Uniform Law Comment**

. . . .

This section provides a general cause of action or claim for relief for failure to comply with the Act by either a declarant or any other person subject to the Act's provisions. Such persons might include unit owners, persons exercising a declarant's rights of appointment pursuant to Section 3-103(d), or the association itself. A claim for appropriate relief might include damages, injunctive relief, specific performance, rescission or reconveyance if appropriate under the law of the state, or any other remedy normally available under state law. The section specifically refers to "any person or class of persons" to indicate that any relief available under the state class action statute would be available in circumstances where a failure to comply with this Act has occurred. This section specifically permits punitive damages to be awarded in the case of willful failure to comply with the Act **and also permits attorney's fees to be awarded in the discretion of the court to any party that prevails in an action.**

68 Pa. C.S. § 5412, Uniform Law Comment (emphasis added).[14] Section 5412 of the Planned Community Act authorizes, among others, an adversely affected unit owner to assert a claim for "appropriate relief," but does not define "appropriate relief." 68 Pa. C.S. § 5412. But the Uniform Law Comment indicates that an award of attorneys' fees **may** be granted at common pleas' discretion. Section 1939 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1939, provides, in relevant part, that "[t]he comments or report of the commission . . . or other entity

_____

[14] Recently, the General Assembly amended the statutory language of Section 5412 to add "and, if appropriate, the prevailing party may be entitled to an award of costs and reasonable attorney fees" after the statement "[p]unitive damages may be awarded in the case of a willful violation of the subpart." 68 Pa. C.S. § 5412. This new provision was not effective until July 3, 2018, after this case was filed. Under the amended language of Section 5412, the award of attorneys' fees is still discretionary.

18

which drafted a statute may be consulted in the construction" of "the original provisions of the statute if such comments or report were published or otherwise generally available prior to the consideration of the statute by the General Assembly." *See also Bricklayers of W. Pa. Combined Funds, Inc.*, 90 A.3d at 692 n.11 (acknowledging that uniform comments are not the law, but allowing for their consideration to ascertain the legislature's intent). Here, the Uniform Planned Community Act and comments were drafted in 1980, and Pennsylvania enacted the Planned Community Act, which was based on that Uniform Act, in 1996. *Saw Creek Cmty. Ass'n v. Cty. of Pike*, 866 A.2d 260, 263 n.9 (Pa. 2005). Thus, the Uniform Law Comment is not law, but it **may** be considered evidence of an intent that attorneys' fees could be awarded within common pleas' discretion. Contrary to Serota's contentions, however, neither the statutory language of Section 5412 of the Planned Community Act nor the Uniform Law Comment **mandate** an award of attorneys' fees. As observed by common pleas, the statutory language at that time did not refer to attorneys' fees. (Common Pleas Op. at 2.) And, while the Uniform Law Comment does refer to attorneys' fees, such reference is not binding on the court and, additionally, it considers the award of such fees to be **within the discretion of the court**. Given the parties' arguments before common pleas, common pleas could have exercised its discretion to award attorneys' fees, but **it was not obligated to do so**. We discern no abuse of discretion in common pleas' decision not to award attorneys' fees, given the complexity of the underlying litigation and common pleas' familiarity with the litigation between these parties, including *Serota I* and a second lawsuit that was eventually settled, (Motion ¶ 15, R.R. at 597a).

19

Serota also references Section 5503(a)(1) of the Nonprofit Law,[15] which, similar to Section 5412 of the Planned Community Act, authorizes a member of a nonprofit corporation to file an action to enjoin the corporation from engaging in "unauthorized acts or the transaction or continuation of unauthorized business." 15 Pa. C.S. § 5503(a)(1). However, other than explaining that this section reflects a legislative intent to protect members of nonprofit corporations from misconduct or wrongdoing by that corporation or its board, Serota does not explain how this section authorizes an award of attorneys' fees, particularly since this section does not mention attorneys' fees. (Serota's Br. at 29 n.1.) Thus, there was no abuse of discretion in not granting the Motion on this basis.

---

[15] Section 5503(a)(1) of the Nonprofit Law states:

**(a) General rule.**--A limitation upon the business, purposes or powers of a nonprofit corporation, expressed or implied in its articles or bylaws or implied by law, shall not be asserted in order to defend any action at law or in equity between the corporation and a third person, or between a member and a third person, involving any contract to which the corporation is a party or any right of property or any alleged liability of whatever nature, but the limitation may be asserted:

(1)  In an action by a member against the corporation to enjoin the doing of unauthorized acts or the transaction or continuation of unauthorized business. If the unauthorized acts or business sought to be enjoined are being transacted pursuant to any contract to which the corporation is a party, the court may, if all of the parties to the contract are parties to the action and if it deems the result to be equitable, set aside and enjoin the performance of the contract, and in so doing shall allow to the corporation, or to the other parties to the contract, as the case may be, such compensation as may be appropriate for the loss or damage sustained by any of them from the action of the court in setting aside and enjoining the performance of the contract, but anticipated profits to be derived from the performance of the contract shall not be awarded by the court as a loss or damage sustained.

15 Pa. C.S. § 5503(a)(1).

## IV.  Conclusion

In sum, the general rule in Pennsylvania is that parties to an action are responsible for their own attorneys' fees and costs unless otherwise provided by agreement, statute, or recognized exception.  *Richard Allen Preparatory Charter Sch.*, 161 A.3d at 428.  After reviewing the various contractual, statutory, and common law bases Serota asserts require an award of attorneys' fees because he prevailed in *Serota I*, none of these provisions **require** an award of attorneys' fees under these circumstances.  Common pleas, familiar with these parties and this litigation, reviewed these provisions and decided, within its discretion, to deny the Motion.  In doing so, common pleas did not abuse its discretion because its decision did not show "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous."  *Wagner*, 132 A.3d at 1057 (quoting *Paden, Inc.*, 658 A.2d at 343).

Accordingly, common pleas' Order is affirmed.

 

_____
**RENÉE COHN JUBELIRER,** Judge

21

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Serota, : 
                  Appellant : 
                  : 
            v. :   No. 1451 C.D. 2017
                  : 
London-Towne Homeowners : 
Association : 

## O R D E R

**NOW**, November 16, 2018, the Order of the Court of Common Pleas of Allegheny County, entered in the above-captioned matter, is **AFFIRMED**.

 

                                       _____

                                       **RENÉE COHN JUBELIRER,** Judge